COLE, Judge.
Andrew L. Spinks, as administrator for the Succession of George H. Spinks, filed suit against Tommie Smothers for the alleged nonpayment of the purchase price of a motor vehicle. The plaintiff-appellant appeals from a judgment of the trial court maintaining the defendant’s exception of “no cause or right of action.”
Appellant’s petition sets forth the following facts: George Spinks purchased a motor vehicle in 1973 for which he borrowed part of the purchase price and executed a promissory note in favor of Capital Bank and Trust Company for $2,163.60, payable in thirty-six monthly installments of $60.10 each. On September 22, 1975, Spinks sold the vehicle to Tommie Smothers for $1,000 of which $150 was to be paid in cash and the remainder was to be paid by satisfying the obligation on the note. The note was to be paid off by Smothers with money to be obtained from his own sources. Smothers paid $150 in cash, and since he was unable to pay off the total amount due on the note as agreed, Spinks gave him the payment book. Smothers paid the installment of $60.10 due on October 5, 1975, and paid the interest of $8.41 due on November 5, 1975, in order to get an extension.
On November 14, 1975, Spinks died. At the time he borrowed the money from Capital Bank, he elected to take out a credit life policy to pay off the note in the event of his death. After his death, the insurer paid off the amount due on the note to Capital Bank. Smothers refused to pay Spinks’ estate the remainder of the purchase price.
Plaintiff’s cause of action in the instant case is predicated upon the nonpayment of the purchase price for the vehicle by the purchaser. The appellee contends that he was relieved of his obligation to pay the purchase price because the insurer paid the amount of the note, and therefore, the seller got what he sought.
It is well settled that when ruling on an exception of no cause of action all well-pleaded allegations of fact in the petition are to be accepted as true. If the petition sets forth a cause of action, the exception must be overruled. Burns v. Genovese, 254 La. 237, 223 So.2d 160, 164 (1969), and cases cited therein; Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878, 881 (La.App. 3rd Cir. 1975).
One method by which an obligation may be extinguished is by payment. La.C.C. arts. 2130, 2131. The principal obligation of the buyer is to pay the purchase price, under La. Civil Code Article 2549. It appears from the facts as pleaded by the plaintiff that the defendant did not pay the purchase price of the vehicle as was his obligation under the contract of sale. The payment of the note by the insurer does not satisfy the purchaser’s obligation to pay the purchase price, unless it was contemplated by the parties that the purchaser would receive the benefit of the credit life policy. Brown v. Johnson, 325 So.2d 829 (La.App. 1st Cir. 1976).
It is evident that the payment of the note by the insurer creates a windfall for one of the parties. At issue is who will benefit from the policy proceeds. Credit life insurance is designed to protect the estate of a debtor from liability by paying *1203 off the obligation should the debtor die. The fact that Spinks protected his heirs by contracting with the insurer to take out credit life insurance does not affect the purchaser’s obligation to pay the price of the vehicle as agreed to by the parties. As long as the note to Capital Bank remained unpaid, Spinks or his estate was liable on that note absent any agreement by Capital Bank that they would be released. Therefore, Spinks still had an insurable interest in maintaining the credit life policy because of his liability on the note. The agreement by Smothers to pay off the note as a method of payment for the vehicle did not release Spinks or his heirs from their obligation on the note.
It is not contended by the appellee, nor can it be seriously contended, that the succession is not the proper party plaintiff to assert the decedent’s cause of action for the nonpayment of the purchase price.
For the foregoing reasons, we find that the plaintiff’s petition sets forth a right and a cause of action, and, therefore, defendant’s exception is dismissed. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion. The costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.