BOUTALL, Judge.
The question before us is whether we should exercise our supervisory jurisdiction by granting to relator a suspensive appeal from an adverse ruling below. The trial court has granted a devolutive appeal, but refused to grant a suspensive appeal.
The procedural facts are these:
The Succession of Mrs. Augusta Leland, wife of George Evans Burgess, was opened by petition filed March 1, 1971, and it was established that she died testate. On May 24, 1971, George E. Burgess, Jr., decedent’s son and relator herein, filed a petition for declaratory judgment against the testamentary executors' of the estate alleging that certain provisions of the decedent’s will created a usufruct and a trust, each of which encroached upon his legitime contrary to law, and moreover that certain trusts created therein effectively disinherited him, hence he sought a declaration that these provisions were null and void. Along with this petition he filed a rule nisi for the executors of the estate to show cause why the usufruct and the trust provisions should not be declared null and void. Answer was filed both to the rule and the petition on July 9, 1971. There is some question as to whether this rule was submitted to the court for decision, but no judgment had been rendered thereon. However, the record discloses considerable activity concerning this and other matters attempting to resolve the disputes between the parties.
On April 30, 1973, nearly two years later, relator filed a supplemental and amended petition adding certain allegations to nullify another trust established over the residue of the estate, broadening his prayer for relief and joining as parties defendant the beneficiaries and trustees of that trust as well as the beneficiary and trustees to the legitime trust. This petition was filed with permission of court, as demonstrated by the order signed that same date. At this time, we note that the original document is not in the record and we rely upon certified copies furnished.
On May 16, 1973, the named defendants, except Michael Burgess, filed a rule to show cause why the order permitting the filing of a supplemental and amended petition should not be rescinded and annulled requesting the supplemental and amended petition be stricken from the record. Hearing was held and the rule was made absolute by judgment dated October 15, 1973, decreeing that the order of filing was rescinded and annulled and that the supplemental and amended petition be stricken from the record. Relator timely applied for a new trial.
On October 18, 1973, and on October 29, 1973, relator filed additional amending petitions adding new allegations and adding the above mentioned defendants as well as a number of legatees whose rights he alleged were affected, and a rule nisi issued to seek permission to file these. This rule, together with the motion for a new trial, and a number of other motions and rules not pertinent to the inquiry here, all came for hearing at one time and by judgment of March 4, 1974, the court denied the motion for a new trial and the October motions to amend by adding new parties.
Relator then timely filed a petition for both suspensive and devolutive appeals. The court denied the suspensive appeal but granted a devolutive appeal returnable to this court. (Here again the original document is not in the record.) Relator applied for supervisory writs to this court contending that he has a legal right to a suspensive appeal from the dismissal of these co-defendants and refusal to permit him pleader of these and other co-defendants, which he asserts are indispensable parties, causing him irreparable injury. We granted an alternative Writ of Manda *91 mus and Writ of Certiorari limited to the denial of a suspensive appeal only on this issue.
In the brief before us, the parties have argued the merits of the court’s judgment concerning the filing of these supplemental and amending petitions as well as the other rules encompassed in the judgment of March 4, 1974. However, these issues are beyond the scope of the alternative writs we issued and we do not consider them here. There is no pleading by either relator or respondents which puts them at issue before us.
Confining our examination only to the denial of suspensive appeal, we note the following articles of the Code of Civil Procedure: LSA-C.C.P. Articles 2082 and 2083.
“Art. 2082. Definition of appeal
Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.”
“Art. 2083. Judgments appealable
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
Interlocutory and final judgments are defined in LSA-C.C.P. Art. 1841.
“Art. 1841. Judgments, interlocutory and final
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
The jurisprudence has held that a judgment of the trial court ordering certain allegations and a part of the prayer of the petition stricken is clearly an interlocutory judgment. Matte v. Continental Casualty Company, 185 So.2d 842 (La.App. 3rd Cir. 1966); Sheppard v. Morgan, 184 So. 386 (La.App. 1st Cir. 1938). An appeal does not lie from such a judgment unless it is of such a nature that it may cause irreparable injury. The injury is not considered irreparable where the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree order complained of. See Feitel v. Feitel, 169 La. 384, 125 So. 280 (1929). Accordingly, we direct our attention to this issue of irreparable injury.
The original petition brought is for a declaration of rights under a will as provided by C.C.P. Art. 1872. The supplemental and amended petition of April 30, 1973, and the amending petitions of October 18, 1973 and October 29, 1973, sought both to add additional questions of construction and validity arising under the will, and add additional parties defendant to the proceedings. The actions of the trial judge have removed these issues and defendants from the proceedings in the first instance, and has refused to permit the inclusion of these issues and parties in the second and third instances. The allegations of these petitions are, and an examination of the testament filed in the record discloses, that the named defendants are interested as trustees, beneficiaries under the trust and as legatees, whose rights may be vitally affected by these proceedings. Insofar as these parties are concerned, the rulings complained of dismiss them from the suit, and in this sense the *92 effect of the judgment therein is practically the same as the effect of a judgment of nonsuit, or dismissal of a suit without prejudice. Such judgments have been held to be final judgments from which an appeal will lie. People Of The Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968). As we view the matter, certainly some of these defendants eliminated, and perhaps all under the allegations contained therein, are indispensable parties to this action because their rights would be so directly affected by the judgment that a complete and equitable adjudication of the controversy could not be made unless they were joined in the action. C.C.P. Art. 641. If these parties are eliminated from the suit to await decision on this issue until an examination of the merits by virtue of an appeal therefrom, there is no way that we are able to render judgment against them and in favor of relator should such a judgment be merited. To put it another way, the trial court would be faced with the prospect of a lengthy trial to determine the issues posed herein on the merits, the appellate process would occur and no binding judgment against the co-defendants could be reached, necessitating a repetition of the entire proceeding against them by relator. Thus we conclude that the judgments complained of would cause irreparable injury and are appealable.
Similarly, we are convinced that a sus-pensive appeal lies herein. To permit simply a devolutive appeal would leave these parties and issues out of the suit, and it would progress without them pending the appellate process. Similarly, this would require readjudication of those issues which were considered in the interim. Therefore we are of the opinion that the trial court erred in denying the suspensive appeal applied for.
For the reasons assigned, the alternative Writs of Mandamus and Certiorari herein issued are made peremptory, this matter is remanded to the trial court and the judge thereof is directed to sign an order of sus-pensive .appeal from the judgments rendered October 15, 1973 and March 4, 1974, fixing in said order the amount of the sus-pensive appeal bond and the return date of the appeal, as required by law, and granting relator-appellant four days from the date of fixing the amount of the appeal bond in which to file said bond.
Writs made peremptory; and remanded.