323 So.2d 914 (1975)
Succession of Mrs. Augusta Leland, wife of George Evans BURGESS.
No. 7057.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
*916 George E. Burgess, Jr., La Combe, in pro per, plaintiff-appellant.
Arthur L. Ballin, Frank C. Dudenhefer; Thomas B. Lemann, Monroe & Lemann, New Orleans, for Whitney National Bank of New Orleans; William A. West; George E. Burgess, Sr.; George E. Burgess, III; Jone V. Leland; Mrs. Gene Kenny Rogers; Miss Sharon Elizabeth Kenny and James B. Kenny, Jr., defendants-appellees.
Before STOULIG, BOUTALL, and BEER, JJ.
BOUTALL, Judge.
Mrs. August Leland, wife of George Evans Burgess, died February 28, 1971 and her succession was opened by her husband March 1, 1971. Her will was probated and in accordance with its terms, the Whitney National Bank of New Orleans and William A. West were appointed testamentary executors, and accepted the office of cotrustees of certain trusts specified in the will. On May 24, 1971 George Evans Burgess, Jr. filed a petition for a declaratory judgment, declaring the nullity of the trust and for interpretation and nullity of parts of the will, alleging in main that the will and the trusts set up in the will were in effect an attempt to effectively disinherit him and encroach upon his legitime. Following this petition there arose a series of preliminary and procedural matters which have resulted in adverse judgments to Burgess, Jr., and in two separate appeals, he has appealed three of those judgments. Because of the voluminous and conflicting nature of the record and because these are largely preliminary matters, we must consider each separately.

THE FIRST APPEAL
The first appeal was taken from two judgments, one of October 15, 1973 which struck from the record an amended petition filed April 30, 1973, and a judgment of March 4, 1974 which denied a motion for new trial on the previous judgment, refused to permit filing of other amending petitions and ruled on several other issues. Because of the nature of the amending *917 pleadings, we granted writs permitting a suspensive appeal. Succession of Mrs. August Leland, wife of George Evans Burgess, 295 So.2d 89 (La.App. 4th Cir. 1974). The issue there was simply whether Burgess, Jr. had a right to appeal. The issue before us now is the merits of that appeal.
The procedural posture of the case and the sequence of events is set out in the above cited case, and we see no necessity to repeat them here in detail. It is sufficient simply to state that the appeal before us concerns the right of plaintiff to file the amending petitions of April 30, 1973, October 18, 1973 and October 29, 1973.
As previously related, the original petition was brought seeking a declaratory judgment interpreting the provisions of the will and certain testamentary dispositions and trusts set up therein, contending that they exceed the disposable portion of the estate and intrude on his legitime. The petition relates a series of facts and legal conclusions which he contends are illegal and prays that a rule nisi issue requiring the executors, the Whitney National Bank and William A. West, show cause why declaratory judgment should not be rendered: Declaring the nullity of the usufruct over his legitime given to his father; declaring null the trust imposed upon his legitime; directing the executors to deliver his legitime free and clear of all encumbrances; and alternately, to declare parts of the trust null. The various amending petitions proposed to amend the prayer to convert the petition from one which only prays for a rule nisi into an ordinary proceeding, and cause service of petition and citation to issue to all parties. Additionally, the amending petitions add certain other grounds for nullity to various portions of the will and trusts and it makes parties defendant, not only the Whitney National Bank and William A. West, the executors and trustees, but also adds as defendants, his father, George E. Burgess, as a legatee, usufructuary and recipient of the trust income; his children, George E. Burgess, III and Michael Burgess, who are legatees of the residual estate under a trust arrangement, and several other named individuals who are beneficiaries of special legacies.
The trial judge did not give any reasons for ordering the first amending petition to be stricken from the record and refusing to permit the others to be filed. It is apparent that under Code of Civil Procedure Article 1151 that the amendments herein may be permitted only by leave of court. The court is granted considerable discretion in its decision, and we would not disturb the orderly process of the trial court unless it appears that the decision is in error. Primarily we note that the amending petitions add the above named parties defendants whom we consider to be indispensable parties to the proceedings.
An heir is entitled to bring a declaratory action in matters concerning wills and trusts as provided in C.C.P. Articles 1871, 1872 and 1874. In such a proceeding, C.C.P. Article 1880 requires that all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. If this action was brought directly as an annulment of the probated testament under the provisions of Article 2931, it would be required that the heir proceed against the legatees, the residual heirs and the executor. We perceive no difference in the requirements of this declaratory judgment suit and we hold that the defendants meet the requirements of indispensable parties set out in C.C.P. Article 641.
"Art. 641. Compulsory joinder; indispensable parties
"Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.

*918 "No adjudication of an action can be made unless all indispensable parties are joined therein."
Certainly the testamentary executors and testamentary trustees are indispensable parties to a suit attacking the validity of a will and the validity of the trust. It is further not open to argument that the usufructuary of an heir's legitime and the beneficiary of trust income are indispensable to a suit attacking the validity of the usufruct and the validity of the trust. In considering whether the other named defendants are indispensable or necessary parties (C.C.P. Art. 642), we have to consider more closely the effect of plaintiff's suit as it relates to them. The two children of plaintiff are legatees of the residual estate. Plaintiff's allegations are that the terms of the will have infringed upon his legitime, and he asks that his legitime be computed on a basis other than that proposed in the will and by the executors; he asks that those portions of the will which cause his legitime to bear an undue portion of inheritance taxes, etc., due by other legatees be declared null, and he seeks to declare the residual trust null. Under these circumstances the residual legatees are indispensable and not simply necessary parties, and the specific legatees other than the plaintiff's father and children, are, more likely than not, indispensable parties. Considering the sizable amount of the estate as disclosed in the record at the present time, it really does not appear that those specific legacies could encroach upon plaintiff's legitime. However when considered with the legacies to Mr. Burgess, Sr. and the two children, it is within the realm of possibility, dependent upon the facts, that their specific legacy might be affected. Nevertheless, we are not in a posture to be able to prejudge the effect of the present litigation upon their ultimate rights, and we are of the opinion that they should be considered as indispensable parties. We reach that result herein for two further reasons, (1) that any taxes, etc. due on their legacies are required to be paid in the computation of the legitime, and (2) C.C.P. Art. 2931 would require them to be a party.
Concluding that the amending petitions bring these indispensable parties into the suit, we conclude that no valid judgment could be rendered without their inclusion, and hence it is error for the trial judge to have excluded the one amending petition and prohibit the filing of the others.
It is urged to us that two other grounds exist for refusal to file the amending petitions. The first of these is that they were not timely filed. As previously mentioned, the original petition contained only a prayer for a rule nisi, and it is urged to us that that rule was submitted by agreement of counsel for adjudication and is under advisement by the court. There appears in the record a minute entry stating that the matter is under advisement and there is a stipulation between the parties on July 9, 1971, which indicates that a judgment may be rendered in vacation time; that the judgment shall not be rendered until defendants have filed a memorandum of the law and authorities upon which they rely, not later than August 15, 1971; no further action shall be taken by either party in the herein Succession proceedings including the pending litigation until August 5, 1971. As we view the record, it was apparently agreed that the parties would each submit memorandums outlining their positions, and after such filings the matter would then be submitted to the court for judgment. We note that the record contains a number of pleadings subsequent to the stipulation indicating that the agreement was simply abandoned and the case never actually submitted to the court for decision. The plaintiff never submitted a memorandum and the defendant has filed a memorandum considerably later, January, 1973. It is apparent that the memoranda were to be based both on law and facts to be obtained through depositions and interrogatories and these were not forthcoming. If *919 this were not the case, we could not explain the action of the trial judge who has never rendered an opinion in that matter over the long passage of time, but instead has been burdened by numerous pleadings concerning interrogatories, discovery, depositions, and all sorts of preliminary matters, all of which have obviously caused him considerable effort and time attempting to straighten out the issues between these parties. We should point out that there are at least ten rulings of the trial judge involved in the two appeals before us, and he has diligently handled a number of other matters not before us on this appeal.
In addition to our conclusion that the prior stipulation has been abandoned, we point to the provisions of C.C.P. Articles 641, 645, 646, and 927. Having concluded that these are necessary parties, we are compelled to still require their inclusion in the suit.
The other objection to the amendment is the change from summary proceedings to ordinary proceedings. We again mention that the original petition contained simply a prayer for a rule nisi and in effect sought summary relief. To this petition the defendants filed an exception contending that plaintiff was not entitled to relief by summary process. This exception was never disposed of, however we mention it because now by the amended petitions plaintiff seeks relief by ordinary process and the defendant now urges that plaintiff is entitled only to summary process. This we believe to be typically illustrative of the problems which faced the trial judge and now serve to perplex us.
The original petition is a declaratory action and alleges issues of fact. Where issues of fact are concerned, they are to be tried and determined in the same manner as other civil actions. C.C.P. Article 1879. Had not petitioner brought action under the declaratory judgment procedure but directly proceeded to annul a probated testament, he would have been required to file a direct action triable as an ordinary proceeding under C.C.P. Article 2931. We call attention to C.C.P. Article 851 which sets out three modes of procedure recognized in our law, ordinary, summary and executory, and point out that all actions in District Court are ordinary unless otherwise provided. Similarly, summary proceedings are those particularly enumerated in Article 2592 and the only exception of those cases in which the law permits summary proceedings. It is therefore apparent that the original petition brought by plaintiff which sought summary process was incorrect, and that his amending petitions seeking to change his proceedings to ordinary process are correct. The procedure to be followed in connection therewith is that of ordinary proceedings outlined in Book II of the Code of Civil Procedure, including, of course, service of petition and citation on all of the parties.
Accordingly, we are of the opinion that the trial judge erred in not permitting the filing of the amending petitions.
Our conclusions above are dispositive of the issues raised in the judgment of October 15, 1973. Insofar as the judgment of March 4, 1974 is concerned, our conclusions render moot: (1) the motion for a new trial on the motion to amend by adding new parties, and (2) the motion to reopen hearing. They are dispositive of the motion to recognize the proceedings as ordinary rather than summary. There is no issue before us of the denial of the motion filed on behalf of the Succession to strike abusive language which was denied. There only remains two issues which we consider in this appeal because they are related to the issue which validly forms the basis of this appeal.
The first is the motion to permit intervention of George E. Burgess, Sr., and the co-trustees, Whitney National Bank and William A. West. Burgess, Jr. attacks this intervention by virtue of exception of no right of action, ultra vires *920 action and breach of duty. Frankly we do not understand his opposition. On one hand he seeks to implead them as indispensable parties defendant and now seeks to prevent them from intervening. Suffice it to say we have concluded they are indispensable parties and we see no reason to exclude their intervention. We affirm the trial judge's ruling except to amend it by adding the name of William A. West as trustee.
The last issue is removal of the attorneys for the Succession and trustees. Appellant filed a motion for removal based on alleged conflicts of interest between the executors, trustees and himself, and conflicts between them and other trust beneficiaries and legatees. The trial court has denied his motion and we agree. The interest they have is enforcing the terms of the will and the trust. That this may run counter to the claims of Burgess, Jr. is the basis of these proceedings. We see no conflict amongst the other parties whose rights flow from the testamentary dispositions. If the interests of those parties run counter to upholding the will and the trusts, they of course may retain their own counsel. The truth or falsity of the matters of fact complained of will have to be determined on the merits of the case.
Accordingly, for the reasons assigned above, it is decreed that the judgment of October 15, 1973 is reversed and the judgment of March 4, 1974 is reversed in part, amended in part, and affirmed in part, and there is now judgment rendered herein as follows: (1) Permitting the filing of the amending petitions of April 30, 1973, October 18, 1973 and October 29, 1973; (2) recognizing the proceedings as ordinary proceedings requiring citation of the various parties and governed by the provisions of Book 2 of Louisiana Code of Civil Procedure; (3) permitting the intervention of George E. Burgess, Sr. and the Whitney National Bank of New Orleans and William A. West, trustees; (4) affirming the denial of the motion to remove the attorneys for the Succession for a conflict of interest.

THE SECOND APPEAL
The second appeal filed in this case by appellant, George E. Burgess, Jr. is from three judgments, all dated November 1, 1974, most of the rulings therein being on preliminary and interlocutory matters. The only matters contained therein which are of interest on this appeal are those concerning the conflict of interest alleged against the attorneys for the succession and trusts.
Appellant complains to us concerning a number of apparent rulings that the trial judge has made in reference to interrogatories and depositions, but the judgments appealed from contained only the ruling that the appellant is required to proceed in his discovery processes in accordance with the Rules of the Code of Civil Procedure. We are not disposed to consider this matter at all because it is not an appealable issue under the definition of C.C.P. Article 2083, and we do not feel that it is appropriate to consider this type of issue until the matter would be considered by us on the final merits of the case. For us to consider this matter now would greatly hamper and interfere with the orderly processes of the trial court and litigation would never proceed. In this regard it is worthy to note that this present litigation has been proceeding for several years and is still only in the preliminary stages. While this is an unfortunate situation, considering the desire of both parties to bring the matter to a final conclusion, if we were to entertain appeals on such matters, another several years would elapse without any progress being made in the suit.
The main issue put forth in his appeal from these judgments of November 1, 1974, is appellant's contention that he is entitled to a hearing on the motion to dismiss the attorneys for the executor and the trustees for conflicts of interest. We note *921 that the motion considered in this judgment has basically the same issues put forth in the prior motion to dismiss that was considered and ruled upon in the judgment of March 4, 1974. The procedural situation is that while the appeal was progressing from the judgment of March 4, 1974, plaintiff, on September 11, 1974, filed a new motion to discharge the attorneys and broadened the basis for discharge, adding numerous detailed allegations. This pleading was met with a number of exceptions and answer filed, the one worthy of note here is exception to the jurisdiction of the trial court, inasmuch as the matter was then pending on appeal and the trial court had been divested of jurisdiction. The trial court maintained the exception to the jurisdiction and reserved the rights of all of the parties in the succession pending further proceedings.
Although there is serious question in our minds as to whether this judgment may be appealed at all, it appearing interlocutory in nature, in view of the fact that the matter was inextricably bound with the first appeal, we consider that we should entertain it as a part of the prior appeal. We affirm the ruling of the trial judge. The matters presented in the new motion are basically upon the same ground as the matters in the motion and judgment previously appealed. However, the second motion contains more detailed factual allegations covering a broader spectrum of alleged conflicts. The trial judge apparently considered that this was basically the same matter reviewable under the first appeal, and that he was divested of jurisdiction by the timely filing of the appeal bond under C.C.P. Article 2088. We note that he cautiously considered that perhaps new issues are alleged, or that the allegations of fact were better detailed, and that there may be a difference in the handling of this new motion. In any event we do not rule upon the validity of the motion to dismiss for conflict of interest, but simply say that the trial judge was correct in concluding that he had no jurisdiction to entertain it pending the present appeal.
For the above reasons, limited to our discussion above, the judgments of November 1, 1974 are affirmed.
The costs of these appeals shall be divided equally between appellants and appellees. All other costs shall await a final determination in the case.
Reversed in part, amended in part, affirmed in part.