WALTZER, Judge.
STATEMENT OF THE CASE
Earl M. Millaud, usufructuary under judgment rendered on 14 November 1989 in his wife’s succession, Succession of Carolyn Mary Lombard, No. 89-42717, Division “J” on the docket of Civil District Court for Orleans Parish, sued his sons, David and Earl G. Millaud (“David” and “Earl”), for possession of premises No. 4522 Rhodes Drive in New Orleans. The sons were served with a five day notice to vacate on 4 May 1999.
On 24 May 1999, the sons filed exceptions to the court’s subject matter jurisdiction and of no right of and/or cause of *45 action. The sons subsequently answered the petition, asserting prescription as an affirmative defense.
The matter was tried on 25 May 1999 and judgment was rendered making plaintiffs rule absolute and requiring the sons to vacate the premises within twenty-four hours. In its reasons for judgment, the trial court found that Mr. Millaud has a share in ownership of the property in question and enjoys a usufruct over his wife’s share pursuant to the judgment of possession in her succession. As usufructuary, he may institute against his sons, the naked owners[1], all actions necessary to insure his possession, enjoyment and preservation of the property. As usu-fructuary, he may also bring all appropriate personal actions for the protection of his interests and the naked owners must not interfere with his rights.
The sons took a suspensive appeal.
TRIAL TESTIMONY
Mr. Millaud testified that he and his late wife had purchased the property at 4522 Rhodes Drive, and he built the house. He and his son Earl were living together in the Rhodes Drive home until approximately two years ago, when Mr. Millaud underwent cancer surgery. Because Earl was “dirty” and allowed a dog to live in the house, Mr. Millaud asked him to move to an apartment. When Earl did not move, Mr. Millaud moved to live with his mother at 7064 Dreux Avenue.
He testified that he was aware that his son, Earl, was living in the Rhodes house, and his son, David, moved in about six months ago. He asked Earl many times to leave while he was living there with him. He testified to an agreement with Earl pursuant to which the son could live in the house if he took care of utilities, telephone and taxes and any other liabilities attached to the house. About six months ago, David moved into the Rhodes Drive house.
Mr. Millaud testified that he had attempted unsuccessfully to move back into the house and had asked his sons to leave, to no avail.
FIRST ASSIGNMENT OF ERROR: Plaintiffs claim has prescribed.
Because of our disposition of the second assignment of error, this assignment of error is moot.
SECOND ASSIGNMENT OF ERROR: The trial court lacked jurisdiction over the subject matter of plaintiffs claim.
Usufruct is one of the three personal servitudes and is a charge on a thing for the benefit of the usufructuary. La. C.C. art. 534. The usufructuary may institute against the naked owner all actions that are necessary to insure the possession, enjoyment and preservation of his right. La.C.C. art. 566.
According to official comment, the usu-fruct is an incorporeal immovable, protected by several innominate real actions as well as by three nominate real actions: the petitory action, the possessory action, and the action of boundary. La. C.C. art. 566, Comment (b).
The naked owner must not interfere with the usufructuary’s rights. La. C.C. art. 605. However, Planiol refers to this not as a' personal obligation but as submission to the real charge upon his property. In this way, the naked owner differs from the lessor.
He [the naked owner] has before him a third party vested with a real right and not a creditor. The usufructuary can ask no more of him than could any passer by. Provided the naked owner does nothing to diminish or disturb the usufructuary’s enjoyment, he is free of all responsibility toward the latter. He is bound, as the old jurisconsult expressed it, solely ut yatiatur | 4or ut abstineat. He is not bound ut faciat. M. Planiol, Traite Elementaire de Droit *46 Civil, Louisiana Law Institute Translation (1939), Vol. 1, Part 2, No. 2880.
In order to be placed in possession, the usufructuary has two kinds of action. One is real and the other is personal.
Real action As holder of a real right, the usufructuary has a real action which he may use to enforce delivery of the things covered by his right....
Personal action Whenever the usu-fructuary’s right flows from ... a testament, he likewise has a personal action for delivery against the constituent or his heirs.... Testaments, as regards the testator’s heirs, have the same obligatory force as a contract. Planiol, supra, § 2762.
The usufructuary’s real action under French law, the action confessoire d’usu-fruit, was similar to the revindicatory action available to owners.
The petitory action referred to in the code is irrelevant to Mr. Millaud’s situation, since he already holds a judgment of possession recognizing his full ownership of one-half of the subject property and his usufruct over the remaining one-half. See, La.C.C.P. art. 3651. Mr. Millaud may bring a possessory action, as the possessor of a real right in immovable property, to be restored to the possession or enjoyment of the property when he has been evicted. La.C.C.P. art. 3655. However, City or Parish courts, being courts of limited jurisdiction, do not have jurisdiction over such possessory actions. See, La.C.C.P. arts. 4841-44.
In contrast to the usufructuary’s posses-sory action just described, Mr. Millaud sought to enforce his right to possess the property by eviction pursuant to La.C.C.P. art. 4702. When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner, or |fihis agent, shall first cause a written notice to vacate the property within five days to be delivered to the occupant. La.C.C.P. art. 4702.
Mr. Millaud contends that since he has an undivided one-half interest in the property, he may avail himself of the provisions of the eviction article. Were his sons not also owners of an undivided interest in the property, his position would have merit. However, a co-owner is not an occupant of the type envisioned by the eviction articles.
La.C.C.P. art. 4704 defines lessees and other occupants subject to summary eviction proceedings. As noted by Planiol, the relationship between usufructuary and naked owner is not of the same nature as that between lessor and lessee. Therefore, Mr. Millaud’s sons do not qualify as “lessees” for jurisdictional purposes. La. C.C.P. art. 4704 defines occupants other than lessees governed by the eviction provisions as “a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant except a mineral lessee, owner of a mineral servitude, or lessee of the owner.” Co-owners of property do not fit easily within that definition. We have found no jurisprudential authority extending the definition of “occupant” in La.C.C.P. art. 4704 to co-owners and we see no reason in the codal system to do so. Co-owners have certain rights under the Civil Code, for example partition, of which Mr. Millaud could have availed himself. Likewise, he could have pursued his right as usufructuary to bring a possessory action. The jurisdiction for these actions lies in the district court, not in parish or city court. See, La.C.C.P. arts. 4841-44.
We find, therefore, that the First City Court lacked jurisdiction over Mr. Mil-laud’s possessory action as usufructuary and over an action to enforce his rights as a co-owner against two of his co-owners.
Mr. Millaud cites to us the canon concerning the manifest error standard of review. While the manifest error standard applies to our review of facts found below, we are required to examine the record as well for legal error, including *47 lack of subject matter jurisdiction in the trial court. Where such error of law taints the record, we are not bound to affirm the judgment of the lower court. See, Rosell v. ESCO, 549 So.2d 840, 844 at fn. 2 (La.1989).
CONCLUSION AND DECREE
For the foregoing reasons the judgment of the trial court is reversed.
REVERSED.
LANDRIEU, J., DISSENTS AND ASSIGNS REASONS.

. According to the Judgment of Possession in #89-24717, the sons and Roslyn Millaud Davis are each naked owners of an undivided one-third interest in their mother's half ownership of the property. Mrs. Davis is not a party to this litigation.