EDWARD A. DUFRESNE, JR., Chief Judge.
12This is an appeal by Jefferson Financial Credit Union (JFCU), plaintiff-appellant, from a $9,654.88 judgment in favor of Billy’s Used Cars, Towing & Recovery, L.L.C. (Billy’s), defendant-appellant, in this action involving the sale of a used car. For the following reasons, we set aside the judgment and remand the matter for further proceedings consistent with this opinion.
The facts are that JFCU financed a Nissan Maxima sedan purchased by Inger Natasi, and had its hen noted on the title. Apparently, Natasi failed to make payments and executory proceedings were commenced in Orleans Parish. During those proceedings, JFCU discovered that the car was being offered for sale in Billy’s used car lot. JFCU began the present proceedings in Jefferson Parish to get possession of the car. The car was originally sequestered, but by agreement of the parties it was sold by the sheriff for $18,105, and these funds were placed in the registry of the court pending resolution of the suit.
|sIt was determined in the present action that on July 21, 2008, the car had been involved in an accident on the Crescent City Connection and the police had requested that B-T Towing, L.L.C. (B-T), tow it off the bridge. On August 6, 2008, B-T received notice from the Department of Safety and Corrections that the car was owned by Natasi, and was financed by JFCU. Pursuant to La. R.S. 32:1720, B-T sent the required notices to Natasi and JFCU informing them of its possession of the car. When neither responded after 45 days, B-T sent a second notice to these parties pursuant to La. R.S. 32:1728, informing them that it would apply for a permit to sell the car if no arrangements were made within 15 days to pay the storage fees and retrieve the car. However, the second notice to JFCU was improperly addressed.
After 15 days, B-T had still not heard from the owner or lienholder, so it applied to the Department of Safety and Corrections for a permit to sell the vehicle. Attached to this application were copies of the first and second notices, the U.S. Post Office “certificates of mailing,” and an appraisal made by an independent appraiser of $7,500 as the value of the car. Although the “certificate of mailing” of the second notice to JFCU was in error, this defect was not noticed by the Department, and a permit to sell the car was duly issued. At this time B-T’s storage and towing costs were $1,549.88. The car was then sold to Billy’s for $10,000 on November 5, 2008. As per La. R.S. 32:1730, the difference between its charges and the sale price, or $8,450.12, was to be carried on B-T’s books as belonging to the owner of the car for six months after the sale, after which time these funds would be forfeited to the towing company.
After purchasing the car, Billy’s had it repaired by Larson’s Body Shop, at a cost of $5,069.37 for labor and materials, and then offered it for sale on its used car lot for $18,900.
*704 |4On January 28, 2009, JFCU began the present proceedings against Billy’s. B-T was never made a party to this suit, nor was the Department of Safety and Corrections. The trial court found that Billy’s had complied with all the statutory requirements to sell the car and awarded it $9,654.88. That amount was apparently arrived at as follows. Because JFCU began the proceedings to recover the car within six months of the November 5, 2008, sale by B-T for $10,000, the difference between that amount and the $1,549.88 in towing and storage charges was $8,450.12, which balance according to La. R.S. 32:1730 should have been carried on B-T’s books as belonging to the owner/lienholder, i. e. JFCU. The difference between that amount and the $18,105 being held in escrow is $9,654.88, and that was the amount awarded.
The difficulty with the proceedings is that neither B-T nor the Department of Safety and Corrections were made parties. Article 641(1) of the La.C.C.P. provides that a party in whose absence complete relief cannot be accorded among those who are parties “shall be joined as a party.” Failure to join such parties gives rise to the peremptory exception of “nonjoinder of a party under Articles 641 and 642,” La. C.C.P. art. 927 A(4), which exception may be noticed by an appellate court on its own motion, La.C.C.P. Art. 927 B. When an appellate court notices the absence of in-dispensible parties to a suit on appeal, the appropriate remedy is to set aside the judgment and remand the matter for join-der of the absent parties and retrial. James v. Maison Orleans II, Inc., 04-1132, pp. 3-4 (La.App. 4 Cir. 5/11/05), 913 So.2d 115, 122.
In light of the above circumstances, we must set aside the judgment, and remand the matter for further proceedings consistent with this opinion.

JUDGMENT SET ASIDE, REMANDED.