CHEHARDY, C.J.
*655 On appeal, SEC Resources, L.L.C. ("SEC") challenges the partial default judgment granted in favor of Rebecca Rourke rescinding the sale of immovable property to 3006 Roberta, L.L.C. Further, SEC has filed a peremptory exception of nonjoinder in this Court. For the following reasons, we sustain the exception of nonjoinder, vacate the partial default judgment, and remand for joinder of the absent party, and further proceedings consistent with this opinion.
Factual and Procedural History
In the summer of 2014, Rebecca Rourke, who is unable to work due to disability and receives Social Security disability benefits as her regular source of income, was experiencing financial difficulties and mental health issues, requiring psychiatric treatment. During this time, Debra Dretar, an acquaintance of Ms. Rourke, assisted her by paying for her prescriptions and some past due bills.
In August of 2014, Debra Dretar learned that Ms. Rourke would soon inherit property[1] so Dretar offered to help Rourke secure a "Reverse Amortized Loan" on the property.[2] According to a "preliminary contract," Ms. Rourke would "place my property at 3006 Roberta St., Metairie, La. 70003 into an LLC as designated by Louisiana Housing Program LLC (Debra Dretar)" in exchange for payments of $800.00 per month for 10 years at 6% interest per annum.
On November 6, 2014, Ms. Rourke was placed into full ownership of immovable property located at 3006 Roberta Street in Metairie, Louisiana.[3] Four days after the Judgment of Possession was issued, Debra Dretar executed an Affidavit of Usufruct,[4] which purported to grant Ms. Rourke the usufruct over the property for a minimum of 10 years. Further, Debra Dretar acknowledged in that affidavit that the "Equity in [Ms. Rourke's] home in the amount of approx..[sic ] $110,000 remains hers."
Thereafter, on November 11, 2014, Ms. Rourke executed an Act of Cash Sale, transferring all rights to the immovable property to 3006 Roberta, L.L.C.[5] ("the *656 L.L.C.") for $117,500.00. Debra Dretar signed the Act of Sale for the L.L.C. as the manager of that company. That same day, Debra Dretar on behalf of the L.L.C. purported to grant a usufruct over the immovable property in favor of Ms. Rourke.[6] In that document, the L.L.C. also stated that it had executed an "Act of Mortgage" on the immovable property at issue in favor of SEC Resources, L.L.C. "in the principal sum of [$117,500.00] with interest ... of 14% per annum, payable ... [in] 36 monthly installments of interest only ... WITH A BALLOON PAYMENT DUE DECEMBER 1, 2017 ...." The Act of Mortgage is not contained in the record before us on appeal.[7]
In her petition, Ms. Rourke alleges that she did not receive the purchase price of $117,500.00 because Debra Dretar directed the sale proceeds to be disbursed to Bayou Triangle Development, Inc., which is wholly owned by Debra Dretar's brother, Kenneth. In her petition, Ms. Rourke states that she has received less than $25,000.00 of the agreed upon price for her immovable property.
On January 18, 2016, Debra Dretar passed away. Kenneth Dretar, her brother, is the independent administrator of Debra Dretar's succession.
On November 9, 2016, the L.L.C., via certified mail, notified Ms. Rourke that her usufruct was "cancelled and revoked" because she was in "default of the terms" of their agreement. On December 7, 2016, a Notice to Vacate was posted on the premises at issue. On January 25, 2017, the L.L.C. filed a Petition for Order of Eviction.[8] On March 7, 2017, the parties continued that matter without date. The matter is still pending but is not the subject of this appeal.
On May 17, 2017, Ms. Rourke, in forma pauperis with counsel acting pro bono , filed a Petition for Declaratory Judgment and Damages naming as defendants, Kenneth Dretar, individually and as the Administrator of the Succession of Debra Frances Dretar; 3006 Roberta, L.L.C.; Louisiana Housing Program, L.L.C.; and Bayou Triangle Development, Inc.
*657 In her petition, Ms. Rourke prayed for a declaratory judgment that the "Act of Cash Sale" of the immovable property dated November 11, 2014 would be declared a nullity for lack of capacity and lack of consent due to fraud and error. Ms. Rourke further alleged that the Dretars, individually and as members of the defendant-L.L.C.s, caused her damages through fraud, which caused her to lose ownership of her immovable property. Ms. Rourke contends that she justifiably relied upon the Dretars' statements that the immovable property had an appraised value of $220,000.00, that Ms. Rourke would retain "$110,000.00 of equity" in the immovable property at issue, and that the "reverse amortized loan" would be against the remaining "value" of the property. Ms. Rourke also alleged that the Dretars conspired to commit conversion by obtaining 100% ownership of her property without payment of the purchase price to her and prayed for damages that she suffered as a result of their tortious actions.
On October 2, 2017, Ms. Rourke moved to enter a preliminary partial default against 3006 Roberta, L.L.C.; Louisiana Housing Program, L.L.C.; and Bayou Triangle Development, Inc., in accordance with La. C.C.P. art. 1701. On October 4, 2017, a judgment of preliminary default was entered against those three defendants.
On October 10, 2017, Ms. Rourke moved to confirm the preliminary default judgment on her rescission claim against only the L.L.C., which the trial court granted. In that partial default judgment, the trial court rescinded the Act of Cash Sale purporting to transfer ownership of the immovable property at 3006 Roberta Street and restored Ms. Rourke as the sole owner of that property. Further, the trial judge, reserving Ms. Rourke's remaining claims, designated the partial default judgment as a partial final judgment pursuant to La. C.C.P. art. 1915(B).[9]
On October 23, 2017, SEC, who is not a party to this litigation in the lower court, moved for a devolutive appeal, seeking review of the partial default judgment on the basis that SEC's security interest in the property may be affected by the judgment at issue in this matter.
Standing
Our initial inquiry is whether SEC has standing to appeal this judgment when SEC is not a party to the litigation. La. C.C.P. art. 2086 provides that "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." The object of an appeal is to give an aggrieved party to an action recourse to a superior tribunal for the correction of a judgment of an inferior court, and such right is extended not only to the parties to the action in which the judgment is rendered, but also to a third-party when such party is allegedly aggrieved by the judgment. In re Succession of Walker , 02-625 (La. App. 5 Cir. 12/11/02), 836 So.2d 274, 277-78, writ denied , 03-110 (La. 3/28/03), 840 So.2d 572. Thus, SEC has the right to prosecute this appeal, if it could have intervened in the declaratory judgment proceedings in the district court.
La. C.C.P. art. 1091, authorizing interventions in a pending action, provides:
A third person having an interest therein may intervene in a pending action to *658 enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
Jurisprudentially, we have held that the requirements for intervention are twofold: the intervenor must have a justiciable interest in, and connexity to, the principal action, and the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. Atchley v. Atchley , 97-474 (La. App. 5 Cir. 1/14/98), 707 So.2d 458, 459. A "justiciable interest" is defined as "the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." The right, if it exists, must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. Id.
Here, the declaratory action at issue is to determine the rightful owner of immovable property. It is a real action brought by the former owner against the current owner to rescind the sale. SEC, as the holder of a note secured by a mortgage on the property, has a direct justiciable interest that is related or connected to the object of the principal action. Under the law and jurisprudence, we find that SEC would have the right to intervene in the declaratory judgment proceedings in the district court and, therefore, it has the right to pursue this appeal of the declaratory judgment.
Nonjoinder
Further, on February 14, 2018, SEC filed, in this Court, a peremptory exception of nonjoinder of a party alleging that SEC's absence from the lower court proceeding rendered the default judgment obtained by Ms. Rourke an absolute nullity.
La. C.C.P. art. 927 reads:
A. The objections which may be raised through the peremptory exception include but are not limited to the following:
* * *
(4) Nonjoinder of a party under Articles 641 and 642.
* * *
B. The court may not supply the objection of prescription, which shall be specially pleaded. The nonjoinder of a party ... may be noticed by either the trial or appellate court on its own motion.
Further, La. C.C.P. art. 2163 states, in pertinent part, that, "[t]he appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record."
The prior concept of necessary and indispensable parties[10] has been consolidated in La. C.C.P. art. 641, which reads as follows:
*659 A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
Clearly, SEC has an interest in this matter as it holds a mortgage, which was filed in the Mortgage records of Jefferson Parish, on the immovable property that is at issue in this litigation. Further, the adjudication of the real action in SEC's absence could impede its ability to protect that security interest. Consequently, we find that, in this factual situation, SEC is a party necessary for a just adjudication pursuant to La. C.C.P. art. 641. See Simmons v. Clark , 08-431 (La. App. 5 Cir. 1/27/09), 8 So.3d 102, 111 ; Frey v. American Quarter Horse Ass'n , 95-157 (La. App. 5 Cir. 7/25/95), 659 So.2d 849.
When an appellate court recognizes the absence of necessary parties to a suit, the appropriate remedy is to set aside the judgment at issue, remand the matter for joinder of the absent party, and retrial. See Jefferson Fin. Credit Union v. Billy's Used Cars, Towing & Recovery, L.L.C. , 10-315 (La. App. 5 Cir. 11/23/10), 54 So.3d 702, 704.
Decree
Accordingly, SEC's exception of nonjoinder is sustained. Further, we vacate the partial default judgment and remand for joinder of the absent party and further proceedings consistent with this opinion.
EXCEPTION GRANTED; JUDGMENT VACATED; MATTER REMANDED.
LILJEBERG, J., CONCURS WITH REASONS
LILJEBERG, J., CONCURS WITH REASONS
I agree with the majority's decision to grant the exception of nonjoinder of a party pursuant to La. C.C.P. art. 641 and vacate the trial court's judgment. I concur to emphasize that this Court does not grant the exception of nonjoinder and vacate the underlying judgment merely because SEC holds a mortgage on the immovable property at issue. Rather, the majority ruling is based on Ms. Rourke's allegations in the companion executory process proceedings that if the Act of Cash Sale is null and she regains ownership of the immovable property, then SEC's mortgage is also null and unenforceable against the property. Therefore, I believe SEC's absence from these proceedings would impair and impede its ability to protect its security interest. Not every scenario involving issues relating to the sale and ownership of immovable property mandates the joinder of a party with a security interest in the property.

Ms. Rourke's parents died testate in 2011 and left the bulk of their estates to her.

According to the petition, Debra Dretar told Ms. Rourke, who was 53 years old in November of 2014, that Ms. Rourke was too young to legally qualify for a reverse mortgage loan, which are closely regulated to protect elderly homeowners. See La. R.S. 6:1101 et seq.

See Joint Successions of Betty Becnel Rourke wife of/and Warren Joseph Rourke , Twenty-Fourth Judicial District Court No. 708-240, Division G.

The Affidavit of Usufruct is written on letterhead of Louisiana Housing Program, L.L.C., which is a limited liability company with one Member, Kenneth Dretar, who is Debra Dretar's brother. Further, Debra Dretar is the registered agent for that company.

3006 Roberta, L.L.C. is a limited liability company with two officers: Debra Dretar, as Manager, and Debra Dretar's brother, Kenneth Dretar, as Member. Further, Debra Dretar is the registered agent for that company. On November 22, 2014, Debra Dretar also filed a certificate of authority to act for 3006 Roberta alleging that, as the sole member of that company, she had authority to purchase and mortgage property on the company's behalf.

The usufruct of immovable property is a real right "on the property of another," which is an incorporeal immovable. See Millaud v. Millaud , 99-2145 (La. App. 4 Cir. 4/05/00), 761 So.2d 44, citing Comment (b) of La. C.C. art. 566 ; La. C.C. art. 535 ; Succession of Steen , 508 So.2d 1377, 1380 (La. 1987). A transfer of immovable property must be made by authentic act or by act under private signature. La. C.C. art. 1839 ; In re Williams , 11-2243 n.15 (La. 1/24/12), 85 So.3d 5, 12. Here, although the document was not signed by the notary as required by La. C.C. art. 1833, it may still be valid as an act under private signature.

For the lower court proceedings, see SEC Resources v. 3006 Roberta, L.L.C. and the Succession of Debra Dretar , Twenty-Fourth Judicial District Court No. 773-651, Division "C." Further, the mortgage is the subject of a separate appeal, which is currently before this Court and docketed as a companion to this matter. SEC Resources L.L.C. v. 3006 Roberta, L.L.C. and the Succession of Debra Dretar , 18-29 (La. App. 5 Cir. 5/23/18), 248 So.3d 660, 2018 WL 2325104. In that appeal, SEC seeks review of the trial court's grant of a preliminary injunction stopping the sale of the immovable property to satisfy the debt secured by the mortgage. There, SEC, on July 3, 2017, filed a petition for executory process seeking to seize and sell the immovable property at 3006 Roberta Street to satisfy the debt incurred by the L.L.C. and secured by the mortgage. Five days before the sale was to take place, Ms. Rourke intervened in that suit on the basis that SEC's mortgage is a nullity and moved for a preliminary injunction, which was granted on October 11, 2017. Ms. Rourke also filed a notice of lis pendens in the mortgage records.

3006 Roberta, L.L.C. v. Rebecca Rourke , Twenty-Fourth Judicial District Court No. 768-466, Division "C."

Here, the trial court rendered a partial default judgment as to less than all the claims and designated it as a final judgment after an express determination that there is no just reason for delay. Thus, the ownership of the immovable property is a final judgment under La. C.C.P. art. 1915(B), which is appealable. Laviolette v. Dubose , 07-916 (La. App. 5 Cir. 3/25/08), 983 So.2d 160, 162.

The 1995 amendments to Louisiana's joinder articles, La. C.C.P. art. 641 et seq. eliminated the categories of "indispensable" and "necessary" parties in favor of a single category of "parties needed for just adjudication." Indus. Cos. v. Durbin , 02-0665 n.6 (La. 1/28/03), 837 So.2d 1207, 1217.