SUCCESSION OF CHARLES C.
PEDESCLEAUX

NO. 19-CA-250

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 89,19, DIVISION "A"
HONORABLE JASON VERDIGETS, JUDGE PRESIDING

February 07, 2020

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**EXCEPTION SUSTAINED; JUDGMENT VACATED AND MATTER**
**REMANDED**
    **FHW**
    **JGG**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
CHARLES PEDESCLEAUX, JR.
    Benjamin L. Johnson

COUNSEL FOR DEFENDANT/APPELLEE-2ND APPELLANT,
OLGA PEDESCLEAUX
    Arthur A. Morrell
    Madro Bandaries

**WICKER, J.**

In this appeal from a trial court judgment in the Succession of Charles C. Pedescleaux, Charles Pedescleaux, Jr. filed a "Peremptory Exception of Nonjoinder of Parties under Articles 641 and 642 of the Code of Civil Procedure." For the following reasons, the exception of nonjoinder is sustained, the judgment of the trial court is vacated, and the matter is remanded for joinder of the absent parties and retrial.

## FACTUAL AND PROCEDURAL HISTORY

Charles C. Pedescleaux, Sr. (the "decedent") died on April 16, 2017. Olga Pedescleaux ("Olga"), the widow of the decedent, filed a Petition to Open Succession on April 20, 2017, alleging that the decedent died intestate and requesting that she be appointed Administratrix over the estate. The Petition acknowledged the decedent's five surviving children born of a previous marriage by name: "Charlesetta, Connie, Charles, Jr., Jessica and Dedria." Olga was appointed Administratrix for the decedent's estate on April 27, 2017.

On June 1, 2017, Charles Pedescleaux, Jr. ("Charles, Jr.") filed a "Petition to Admit the Last Will and Testament of Charles C. Pedescleaux, Sr." The will purported to leave all of the decedent's property "both real and personal, separate and community, movable and immovable corporeal and incorporeal . . ." to the decedent's children—"Charles Pedescleaux, Jr., Charlesetta Pedescleaux Knight, Constance Pedescleaux Bernard, Jessica Pedescleaux Geason and Deidra Pedescleaux Grant"—to be shared equally. Charles, Jr.'s petition asked the court to appoint him Executor of the estate (per the stipulations of the will) and to declare that certain real estate located at 10561 Charles Lane, St. James Parish, Louisiana remained separate property, the decedent having purchased the property prior to his marriage to Olga.

Thereafter, on December 20, 2018, Olga filed a motion and memorandum titled:

> Motion and Rule to Show Cause Why The Last Will and Testament of Charles C. Pedescleaux, Sr. Should Not be Null and Void Because of Failure to Observe Statutory Formalities; Why Mrs. Olga H. Pedescleaux, Spouse of Deceased Charles C. Pedescleaux, Sr. Should Not be Declared Administratrix of Decedent's Estate; Why All Financial Documents and Any and All

Documents Whatsoever Being Held by Decedent's Children: Charles Pedescleaux, Jr., Charlesetta Pedescleaux Knight, Constance Pedescleaux Bernard, Jessica Pedescleaux Geason, And Deidra Pedescleaux Grant or Anyone Else Should Not Turn Over Said Documents to Mover and With Full Accounting of Said Financial Records and Documents and Why the Marital Domiciled [*sic*] Should Not be Designated as Community Property.

A hearing was set for January 22, 2019 to take up Olga's motion. At the hearing the trial court denied Olga's request that the last will and testament be declared null and void and took the issue of whether the home on Charles Lane was community property under advisement. A judgment was issued on January 25, 2019 which declared the Charles Lane home community property. Both parties appealed the trial court's judgment.

However, on November 4, 2019, this Court, on its own motion, found that the January 25, 2019 judgment was not a final judgment sufficient to invoke appellate court jurisdiction. Therefore, this Court remanded the matter to the trial court for formulation of a final judgment and supplementation of the appellate record. *See Succession of Charles C. Pedescleaux*, 19-250 (La. App. 5 Cir. 11/4/19) (per curiam).

Now that a final judgment has been rendered that enables this Court to exercise its appellate jurisdiction over this matter, we take up the peremptory exception of nonjoinder filed by Charles, Jr.

## LAW AND DISCUSSION

The peremptory exception of nonjoinder may be pleaded for the first time in the appellate court, if pleaded prior to the submission of the case for decision, and if proof of the ground of the exception appears on the record. La. C.C.P. art. 2163; *Rourke v. Estate of Dretar*, 17-672 (La. App. 5 Cir. 5/23/18), 248 So.3d 653, 658. Louisiana Code of Civil Procedure Article 641 is entitled "Joinder of parties needed for just adjudication" and provides,

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

2

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

In the event that a party described in Article 641 cannot be joined in the litigation, La. C.C.P. art. 642 allows the court to determine whether the action should proceed among the parties currently before it or be dismissed based on a consideration of a number of factors. The current statutory construction replaced the previous rules for joinder which distinguished between "necessary" and "indispensable" parties. *See Succession of Populus*, 95-1469 (La. App. 1 Cir. 2/23/96), 668 So.2d 747, 748; *Two Canal St. Inv'rs, Inc. v. New Orleans Bldg. Corp.*, 16-0825 (La. App. 4 Cir. 9/23/16), 202 So.3d 1003, 1012.

Historically, in actions contesting the validity of a will, the legatees named in the will must be joined in the suit. La. C.C.P. art. 2931 (direct action to annul a probated testament must be brought against the legatees, residuary heir, and executor); *Succession of Burgess*, 323 So.2d 914, 917 (La. Ct. App. 1975) (action seeking declaratory judgment invalidating will required joinder of legatees); *In re Succession of Treadaway*, 01-0080 (La. App. 4 Cir. 3/7/01), 782 So.2d 1142, 1144 (parties with an interest in the will plaintiffs sought to invalidate were required to be joined pursuant to La. C.C.P. art. 641).

Furthermore, the fact that Olga sought to have the marital domicile declared community property necessitated the joinder of all parties who claim an interest in the Charles Lane property from the Succession of Charles C. Pedescleaux. A judgment declaring the real estate community property would necessarily affect the interests the decedent's children had in the property—whether heirs by intestacy or legatees to his will. *See* La. C.C.P. art. 1880 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be

3

affected by the declaration."); *Blanchard v. Naquin*, 428 So.2d 926, 928 (La. App. 1 Cir.), *writ denied*, 433 So.2d 162 (La. 1983) (plaintiff who sought to be declared owner of property was required to join all heirs who purportedly gained ownership interest through intestate succession).

The existence of parties with an interest in the subject matter of the litigation is apparent from the record. Olga named the decedent's heirs in her petition to open the succession, as well as in her later motion which sought a declaration that the will was null and void, a declaration that the martial domicile was community property, and an order requiring the named heirs to render an accounting. The contested will is also included in the record naming the decedent's children as legatees.

When an appellate court recognizes that joinder of parties is required for proper adjudication of the matter, the appropriate course of action is to set aside the judgment at issue and remand the matter to the trial court for joinder of the absent parties and a retrial of the case. *Rourke*, 248 So.3d at 659; *Blanchard*, 428 So.2d at 928.

## CONCLUSION

Accordingly, Charles, Jr.'s exception of nonjoinder is sustained. We hereby vacate the judgment of the trial court declaring the last will and testament of Charles C. Pedesclaux valid and declaring the real estate located at 10561 Charles Lane community property. This matter is remanded for joinder of the absent parties and further proceedings consistent with this opinion.

**EXCEPTION SUSTAINED; JUDGMENT VACATED
AND MATTER REMANDED**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 7, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-250**

**E-NOTIFIED**
23RD JUDICIAL DISTRICT COURT (CLERK)
HON. JASON VERDIGETS (DISTRICT JUDGE)
BENJAMIN L. JOHNSON (APPELLANT)          MADRO BANDARIES (APPELLANT)

**MAILED**
ARTHUR A. MORRELL (APPELLANT)
ATTORNEY AT LAW
POST OFFICE BOX 26306
NEW ORLEANS, LA 70186