PONDER, Judge.
Plaintiff-appellant, the named beneficiary of a life insurance policy, seeks to recover the proceeds from the insurer, notwithstanding her assignment of the proceeds to the mother of the decedent and the payment by the insurer to the assignee. The issue is whether the trial court erred in dismissing plaintiffs suit in an exception of no right of action.
We reverse and remand to permit amendment of the suit to add any indispensable party(ies).
Defendant issued a group life insurance policy which included coverage for Ray Allen Castille, Jr., who named plaintiff as beneficiary. The benefit accrued to plaintiff when Castille died in a work-related accident on November 21, 1982. However, on November 22, 1982, plaintiff, together with Castille’s widow and mother, signed an instrument in authentic form, titled “Act of Donation, Assignment and Transfer.” This act purported to transfer all the “rights, title and interest” possessed by plaintiff and Castille’s widow in two policies on Castille’s life to the decedent’s mother, Wordna Guillory Castille. The act authorized and directed the insurers to pay all sums due to Wordna Guillory Castille. The assignors further agreed to hold the insurers harmless from any liability as a result of paying the policy proceeds according to the instrument. Neither insurers nor their agents signed the instrument. Prudential subsequently paid the policy proceeds to “Wordna Castille, assignee of Fonda Hackett Castille and Wanda Ne-som.” On June 6,1984, in a “revocation of donation,” plaintiff alleged she was deceived into signing what plaintiff characterizes as a donation. The revocation also alleges Wordna Castille was an ungrateful donee, having refused to provide plaintiff with food or money for food.
Plaintiff filed suit alleging that the donation to the decedent’s mother is void and that the defendant should have been aware of its suspect nature due to the fact that it was executed the day after the decedent’s death and transferred a large amount. Defendant filed peremptory exceptions of no right of action and failure to join an indispensable party. The exception of no right of action was granted, and plaintiff’s suit was dismissed without prejudice.
Appellant says the court erred in finding no right of action and alleges the assignment to be an invalid donation, for want of formal acceptance and because the donee is ungrateful. Appellant insists the court must rule on the validity of the donation before finding no right of action.
The only issue properly before this court is whether the exception of no right of action was correctly granted.
The objection of no right of action raises the question of whether a remedy afforded by the law can be invoked by a particular plaintiff. It relates specifically to the person of the plaintiff. Bamber Contractors, Inc. v. Henderson Bros. Inc., 345 So.2d 1212 (La.App. 1st Cir.1977). The exception of no right of action provides a threshold device to terminate a lawsuit brought by one without legal interest to assert it. Favrot v. Favrot, 448 So.2d 187 (La.App. 1st Cir.1984). Because appellant was the named beneficiary on the date of the insured’s death, she has a legal interest in determining whether the assignment of the proceeds is binding.
The defendant-appellee offers the assignment of the policy proceeds to prove plaintiff lacks a legal interest. The assignment may be a defense to the merits of her claim, but does not negate her legal interest. See In re Norton, 471 So.2d 1053 (La.App. 1st Cir.1985).
Appellee also bases its exceptions upon La. Code Civ.P. art. 698, which provides for enforcement of assigned rights by the assignee when the entire right is assigned.[1] Official Revision Comment (d) to *429 the article states, “If there has been an assignment of the entire right and the suit is brought in the name of the assignor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiff, the assign-ee.” [2] However, this statement assumes an admitted or proved valid assignment.
Appellant has not joined the assign-ee as a party, but her arguments to the trial court and on appeal concern the as-signee and challenge the assignee’s right to keep the insurance proceeds. Defendant pled failure to join assignee as an indispensable party, but the trial court did not rule on that exception. We remand to permit the naming of any indispensable party.
To dismiss plaintiffs suit would impose hardship upon the plaintiff and pose the risk of multiple lawsuits. Official Revision Comment (c) to art. 698 says the primary purpose of the article is to protect the obligor, such as the defendant, from multiple suits on the same obligation. We are guided by LaFleur v. National Health & Life Insurance Co., 185 So.2d 838 (La.App. 3d Cir.1966), which upon similar facts, decided a remand for the addition of indispensable parties was preferable to the dismissal of the plaintiff, who had assigned his rights under a health and accident insurance policy to two of his creditors.
Further, a decision that the assignment or donation is invalid could affect the rights of the assignee and possibly prompt later litigation between the insurer and the assignee. Any such decision without the presence of the assignee as a party plaintiff would result in an incomplete and inequitable adjudication of the issues presented herein. La.C.Civ.P. art. 641.
We reverse the dismissal of plaintiff for no right of action but conclude defendant’s exception of indispensable party should be maintained. We remand for impleading of any indispensable party, as well as for any further proceedings consistent with this opinion. All costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.

. La.C.Civ.P. art. 698:
*429 “An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
(1) The assignor and the assignee, when the assignment is partial; or
(2) The assignee, when the entire right is assigned."

. La.C.CivJP. art. 641:
"Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.”