WATKINS, Judge.
Plaintiff, the insured under a credit disability policy, sued the insurer after it discontinued disability benefits. The lender, the primary irrevocable beneficiary of the policy, was not a party to the lawsuit. Because the lender is an indispensable party, we vacate the trial court judgment in favor of the plaintiff and remand.
STATEMENT OF FACTS
In connection with the purchase of a pick-up truck, plaintiff, Robert Milton, purchased credit life insurance and credit disability insurance[1] policies from the defendant, Pilgrim Life Insurance Company of America (“Pilgrim”). The irrevocable primary beneficiary of the policies was the lender, G.M.A.C.
Milton became disabled nearly eight months later, and filed disability claims with Pilgrim. Pilgrim paid disability benefits until October of 1980, when the benefits were discontinued. Milton filed suit, alleging that his disability continued beyond October, and seeking damages, penalties, and attorney’s fees from Pilgrim. G.M.A.C. was not made a party to the lawsuit.
Pilgrim filed exceptions of no right of action and nonjoinder of an indispensable party, G.M.A.C. These exceptions were dismissed by the trial court, and a bench trial on the merits was held on November 11, 1982. By judgment rendered on August 27, 1985, the trial court awarded Milton the balance due on the credit disability policy, plus penalties and damages for injury to Milton’s credit record.
Pilgrim appealed and now presents four assignments of error. Because our treatment of the first assignment results in a remand to the trial court, we will not address the remaining assignments of error, which challenge the trial court’s finding as to the length of Milton’s disability, granting of a new trial, and award of general damages.
STATEMENT OF LAW
Pilgrim contends that the trial court erred in dismissing its exceptions of no right of action and nonjoinder of an indispensable party.
No Right of Action
Pilgrim argues that Milton assigned the credit disability policy to G.M.A.C., and therefore, on the authority of LSA-C.C.P. art. 698 and Lafleur v. National Health & Life Insurance Co., 185 So.2d 838 (La.App. 3d Cir.1966), G.M.A.C. has the sole right of action. There is, however, no evidence that the policy was assigned; Milton remained the insured on the policy and merely selected G.M.A.C. as the beneficiary. As there was no assignment of the policy, article 698 and Lafleur are not applicable.
A policy of credit disability insurance, like a policy of credit life insurance, is for the benefit of both the creditor and the debtor. The creditor is protected, in the event of the debtor’s disability or death, by the proceeds. So, too, is the debtor and his family. See, e.g., 1 J. Appleman & J. Ap-pleman, Insurance Law & Practice, § 60 (1981) [hereinafter Appleman ]. The creditor is not the sole person with an interest in performance of the insurance contract, because the debtor and those claiming through him are damaged when the insurer fails to perform. Appleman at j § 62.35. Credit disability insurance is designed to protect the debtor from liability should he become disabled. As long as the note to G.M.A.C remained unpaid, the debtor, Milton, was liable on the note absent any agreement by G.M.A.C. that he would be released. Therefore, Milton had an insur *436 able interest in maintaining the credit disability policy because of his liability on the note. See Succession of Spinks v. Smothers, 341 So.2d 1201, 1202-03 (La.App. 1st Cir.1976), writ refused, 343 So.2d 200 (La.1977) (credit lifé insurance). Milton therefore had a right of action against Pilgrim when the payments were not made. See LSA-C.C.P. arts. 681, 927(5).
We hold that the insured debtor on a credit disability insurance policy has a right of action to enforce the policy, even though the creditor is made the irrevocable beneficiary.
Nonjoinder of an Indispensable Party
Pilgrim next argues that G.M.A.C. is an indispensable party to the lawsuit, on the authority of LSA-C.C.P. art. 641 and State, Dep’t of Highways v. Lamar Advertising Co. of La., 279 So.2d 671 (La.1973).
Civil Procedure article 641 states that an action may not be adjudicated unless all indispensable parties are joined. Indispensable parties are defined as “those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.” It has been stated by our Supreme Court that “parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights.” Lamar, 279 So.2d at 677.
As the irrevocable beneficiary of the credit disability policy, G.M.A.C. has a direct interest in the outcome of the litigation and could be directly affected by the judgment. In addition, the failure to join G.M. A.C. could conceivably subject Pilgrim to additional litigation. As such, we hold that the irrevocable creditor beneficiary of a credit disability insurance policy is an indispensable party to an action to enforce the policy.
Accordingly, we vacate the judgment of the trial court, and remand for joinder of G.M.A.C. as a party to the lawsuit.
REVERSED AND REMANDED.

. Credit insurance protects both the borrower and lender against losses due to the death, disability, or insolvency of the borrower. The policy generally covers the balance of the loan due with the proceeds payable to the lender. See Black's Law Dictionary 722 (5th ed. 1979). See generally, 1 J. Appleman & J. Appleman, Insurance Law and Practice §§ 59-65.