JO ELLEN COHEN

VERSUS

MICHAEL BARUCH COHEN

NO. 20-CA-352  C/W
21-CA-187

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 432-567, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

October 13, 2021

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Hans J. Liljeberg

**JUDGMENT VACATED AND REMANDED**
    **HJL**
    **MEJ**

**WINDHORST, J., DISSENTS WITH REASONS**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy Clerk, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
JO ELLEN COHEN
    Yvette A. D'Aunoy
    Marianne Garvey

COUNSEL FOR DEFENDANT/APPELLANT,
MICHAEL BARUCH COHEN
    Alexandra E. Faia
    Steven J. Lane

**LILJEBERG, J.**

Dr. Michael Cohen seeks review of the trial court's judgment denying his motion to terminate or, in the alternative, to reduce the amount of the death benefit on a life insurance policy he agreed to maintain as part of his divorce settlement with his former spouse, Ms. Jo Ellen Cohen. He also seeks review of the judgment granting the rule for contempt and damages filed by Ms. Cohen. As part of their divorce proceedings in January 1994, the parties agreed that Dr. Cohen would "maintain and [would] not cancel the $1.3 million dollar death benefit on his life insurance policy." The irrevocable beneficiaries of the insurance policy at issue are Dr. Cohen's adult children, Zachary and Joshua Cohen,[1] as well as Ms. Cohen. In addition to denying Dr. Cohen's request to terminate or reduce the amount of the death benefit, the trial court also ordered that if Dr. Cohen did not maintain the $1.3 million dollar life insurance policy, he was required to provide his former spouse and adult children with assets valued at $1.3 million. The trial court also granted Ms. Cohen's rule for contempt and awarded her damages in the form of the attorney fees and court costs she incurred due to Dr. Cohen's failure to maintain the insurance policy as agreed to by the parties.

Upon our review of the record on appeal, we find that the parties' children, Zachary and Joshua Cohen — who are no longer minors — must be joined as parties to these proceedings, because as irrevocable beneficiaries of the life insurance policy, they have an interest in the policy and are needed to adjudicate complete relief among the parties as contemplated under La. C.C.P. art. 641.[2] Accordingly, we raise the peremptory exception of nonjoinder of a party under La. C.C.P. art. 641, vacate the trial court's February 1, 2021 judgment, and remand this

---

[1] At the time Dr. Cohen and Ms. Cohen entered into this agreement in 1994, their children were approximately 13 and 9 years old. According to Dr. Cohen, at the time of the hearing of this matter on November 26, 2019, Zachary and Joshua were 38 and 34 years old, respectively.

[2] As discussed more fully below, the life insurance policy at issue requires the written consent of the irrevocable beneficiary in order to change the beneficiary.

matter to the trial court for joinder of Zachary Cohen and Joshua Cohen as parties to these proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 1992, Ms. Cohen filed a Petition for Divorce in the 24th Judicial District Court, which the trial court granted on January 10, 1994. On that same date, the parties entered into a "Consent Judgment of Partition of Community Property" ("Partition Judgment") and a Judgment of Child Custody, Spousal Support and Child Support ("Support Judgment"). In the Partition Judgment, Dr. Cohen agreed to maintain a life insurance policy with Ms. Cohen and his children as irrevocable beneficiaries as follows:

> Michael B. Cohen will maintain and will not cancel the $1.3 million dollar death benefit on his insurance policy. Michael B. Cohen will irrevocably name the plaintiff, Jo Ellen Cohen as sole beneficiary to one-half of the death benefit and to irrevocably name the children as the only beneficiaries to the other one-half of the death benefit. Jo Ellen Cohen will remain as beneficiary to one-half of the death benefit, if she remarries, only if she executes a Prenuptial Agreement or a Declaration of Separateness declaring the funds from the insurance policy to be her separate property.

On November 15, 1996, Dr. Cohen filed a motion seeking to clarify the paragraph cited above in the Partition Judgment. Dr. Cohen argued that this paragraph was "unclear, ambiguous and would lead to absurd consequences," because it failed to provide a time period within which the provision would remain in effect. He argued that the policy at issue was originally purchased as an estate planning tool to be placed in trust for Ms. Cohen and the children and the trust was to terminate when the children reached the age of 26. He argued the policy was intended to provide for his children's support and education in the event he died, and that after they reached 26 years of age, there would have been no need for the policy. The record does not contain any indication that the trial court ever heard or ruled on Dr. Cohen's motion to clarify the terms of the Partition Judgment.

Over twenty years later, on January 29, 2019, Dr. Cohen filed the motion to terminate or, in the alternative, to reduce the amount of the death benefit he must maintain on a life insurance policy. In his motion, Dr. Cohen alleged that his obligation to maintain the $1.3 million dollar death benefit was part of his support obligations to his former spouse and children. He argued that the Partition and Support Judgments must be read and applied together as they both addressed his support obligations. He explained that in the Support Judgment, the parties agreed that his support obligations were premised on his ability to work, and that if he became disabled, this would constitute a change in circumstances that would entitle him to a modification of any spousal and child support he was obligated to pay.

Dr. Cohen further argued that in the 25 years since the parties entered into these judgments, several changes in circumstances justified the termination of his obligation to maintain life insurance in favor of his former spouse and children, including: 1) the deterioration of his health which caused him to be physically unable to work as an obstetrician-gynecologist thereby resulting in a substantial reduction in his income; 2) the extinguishment of his obligation to pay child support after his children became adults; 3) the obligation to maintain the policy in favor of Ms. Cohen was part of her spousal support and no longer payable due to the change in circumstances with Dr. Cohen's health; and 4) Dr. Cohen's financial inability to maintain the insurance policy as the premium was anticipated to increase from $2,500.00 to approximately $72,000.00 annually.

Ms. Cohen opposed Dr. Cohen's motion to terminate or reduce the death benefit by arguing that Dr. Cohen's agreement to maintain the life insurance policy was not part of his support obligations. Rather, she argued that she waived several of her community property interests, including her interests in Dr. Cohen's medical practice, in exchange for his agreement to maintain the death benefit on his life

insurance policy. She argued that a community property partition could not be altered 25 years later based on an alleged change in circumstances. Ms. Cohen also stated in her opposition that if the trial court granted Dr. Cohen's request, it could potentially alter the rights of their children and therefore, they needed to be joined as parties to the proceedings.[3] She further explained in her testimony at the hearing that the parties intended for the life insurance policy to be an inheritance for their children. She stated that she did not retain or obtain her own life insurance policy because she believed the children would receive the proceeds from the life insurance policy at issue.

Ms. Cohen also included a motion for contempt and for damages with her opposition to Dr. Cohen's motion to terminate the life insurance policy. She alleged that Dr. Cohen was in contempt because he did not maintain the life insurance policy with a death benefit of $1.3 million. She further argued at the hearing that Dr. Cohen violated the terms of the Partition Judgment because it required him to maintain a universal whole life policy acquired during the marriage, but he terminated the policy without her permission or the permission of the trial court and obtained a term life policy with a lower death benefit.[4] Ms. Cohen sought damages due to Dr. Cohen's alleged violation of the terms of the Partition Judgment, as well as separate attorney fees and costs associated with the motion for contempt and for damages.

Following an evidentiary hearing on November 26, 2019, the trial court issued a written judgment on February 3, 2020, denying Dr. Cohen's motion to terminate or reduce the death benefit, and further ordering Dr. Cohen to maintain a life insurance policy with a $1.3 million dollar death benefit with Ms. Cohen and

---

[3] The record does not contain any indication that Ms. Cohen pursued, or that the trial court addressed, her argument regarding the joinder of their adult children as parties.

[4] The policy entered into evidence at the hearing provides a $1,000,000 death benefit.

their children as irrevocable beneficiaries in accordance with the terms of the parties' Partition Judgment. The trial court alternatively ordered that if Dr. Cohen did not maintain the $1.3 million dollar benefit on his insurance policy, he would have to provide assets of an equivalent value to Ms. Cohen and their two children. The trial court judgment also granted Ms. Cohen's motion for contempt and awarded Ms. Cohen attorney fees and court costs as damages.

Dr. Cohen filed a suspensive appeal and this Court remanded the matter for the trial court to establish the amount of the attorney fees and court costs the trial court intended to award as damages for the contempt of court. On February 1, 2021, the trial court issued an amended judgment that awarded Ms. Cohen $7,446.20 for attorney fees, $195.00 for court costs, and $3.60 for mailing costs. Dr. Cohen filed a second suspensive appeal from the amended judgment, which we consolidated with his first appeal.

## LAW AND DISCUSSION

On appeal, Dr. Cohen contends the trial court erred in denying his motion to terminate or reduce the amount of the death benefit and by granting Ms. Cohen's rule for contempt and damages. Dr. Cohen also argues that the trial court exceeded the scope of its authority and changed the terms of the Partition Judgment by granting rights to the children, who are not parties to the lawsuit, with an award of $650,000 in assets if he does not maintain a $1,300,000 death benefit on his life insurance policy. He contends the only issue before the trial court was to determine whether he could terminate the life insurance policy or reduce the amount of the death benefit. Dr. Cohen asks this Court to reverse the trial court's rulings and grant his request to terminate his obligation to maintain the $1.3 million dollar death benefit in favor of his former spouse and children. Prior to considering the merits of Dr. Cohen's arguments on appeal, however, we must consider whether this Court can address the relief requested by Dr. Cohen in the

absence of his adult children, who are currently irrevocable beneficiaries of the life insurance policy at issue. Furthermore, the judgment issued by the trial court requires Dr. Cohen to provide them with $650,000 in assets if he does not maintain the life insurance policy.

It is axiomatic that courts are without power to adjudicate the rights of a person who is not a party to the litigation or appropriately represented. *State Through Dep't of Highways v. Lamar Advert. Co. of Louisiana*, 279 So.2d 671, 675 (La. 1973). La. C.C.P. art. 645 provides that the "failure to join a party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motions." *See also* La. C.C.P. art. 927(B) (a trial or appellate court may notice an exception of nonjoinder of a party under La. C.C.P. arts. 641 and 642 on its own motion.) As discussed more fully below, as irrevocable beneficiaries, we find Zachary and Joshua Cohen are parties needed for the just adjudication of Dr. Cohen's motion based on their interests in the life insurance policy at issue and due to our inability to consider the relief requested by Dr. Cohen in their absence.

La. C.C.P. art. 641, entitled "Joinder of parties needed for just adjudication," provides as follows:

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Parties needed for just adjudication in an action are those who have an interest relating to the subject matter of the action and are so situated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. *Lowe's Home Const., LLC v. Lips*, 10-762 (La. App. 5 Cir. 1/25/11), 61 So.3d 12, 16, *writ denied*, 11-371 (La. 4/25/11), 62 So.3d 89. A person should be deemed to be needed for just adjudication only when absolutely necessary to protect substantial rights. *Branch v. Young*, 13-686 (La. App. 5 Cir. 2/26/14), 136 So.3d 343, 350. Courts are to determine whether a party should be joined by a factual analysis of all the interests involved. *Id.*

By using the word "shall," the article makes mandatory the joinder of the person described in La. C.C.P. art. 641 as a party to the suit. *Two Canal Street Investors, Inc. v. New Orleans Building Corporation*, 16-825 (La. App. 4 Cir. 9/23/16), 202 So.3d 1003, 1012. An adjudication made without making a person described in the article a party to the litigation is an absolute nullity. *Miller v. Larre*, 19-208 (La. App. 5 Cir. 12/11/19), 284 So.3d 1284, 1287; *Terrebonne Parish Sch. Bd. v. Bass Enterprises Prod. Co.*, 02-2119 (La. App. 1 Cir. 8/8/03), 852 So.2d 541, w*rits denied*, 03-2786 (La. 1/9/04), 862 So.2d 984, 03-2873 (La. 1/9/04), 862 So.2d 985. Moreover, the burden is placed on those already parties to the litigation to join parties needed for just adjudication, not upon the nonparties to intervene in actions to which they are required to be joined pursuant to La. C.C.P. art. 641. *Stephenson v. Nations Credit Financial Services Corp.*, 98-1688 (La. App. 1 Cir. 9/24/99), 754 So.2d 1011, 1021.

Furthermore, in the instant action, Dr. Cohen seeks a determination or declaration that he does not have to maintain the life insurance policy pursuant to the terms of the Partition and Support Judgments. When declaratory relief is sought, Louisiana law mandates that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no

declaration shall prejudice the rights of persons not parties to the proceeding." La. C.C.P. art. 1880. An affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident. *Fewell v. City of Monroe*, 43,281 (La. App. 2 Cir. 6/11/08), 987 So.2d 323, 326, *writ denied*, 08-2172 (La. 11/14/08), 996 So.2d 1093.

When an appellate court recognizes that joinder of parties is required for proper adjudication of the matter, the appropriate course of action is to set aside the judgment at issue and remand the matter to the trial court for joinder of the absent parties and a retrial of the case. *Succession of Pedescleaux*, 19-250 (La. App. 5 Cir. 2/7/20), 290 So.3d 749, 752; *Rourke v. Est. of Dretar*, 17-672 (La. App. 5 Cir. 5/23/18), 248 So.3d 653, 659.

The Partition Judgment states that Dr. Cohen will "irrevocably name the children as the only beneficiaries to the other one-half of the death benefit." The term "irrevocable" is defined in Black's Law Dictionary (11th ed. 2019) as "unalterable; committed beyond recall." While this Court does not speak to the merits of the issue of whether Dr. Cohen must maintain the life insurance policy at issue, the use of the term irrevocable indicates that the parties intended for the children to remain beneficiaries of one-half of the death benefit for as long as the life insurance policy remained in existence.

The life insurance policy at issue also provides that a "Beneficiary designated irrevocably may not be changed without the written consent of that Beneficiary." The policy defines a "Beneficiary" as "the person to whom we will pay the death benefit if the insured dies." As irrevocable beneficiaries of the life insurance policy that Dr. Cohen seeks to terminate, Zachary and Joshua Cohen have an interest in the life insurance policy at issue as it does not allow Dr. Cohen to remove them as beneficiaries without their written consent. Furthermore, the judgment rendered by the trial court requires Dr. Cohen to provide Zachary and

Joshua Cohen with $650,000 in assets if Dr. Cohen does not maintain a life insurance policy with a $1.3 million dollar death benefit in accordance with the terms of the Partition Judgment.

Louisiana courts have found that beneficiaries in various capacities must be joined as parties to afford complete relief to all parties pursuant to La. C.C.P. art. 641, when they have an interest in the subject matter of the litigation and adjudication in their absence may impair or impede their ability to protect that interest. *Milton v. Pilgrim Life Insurance Co. of America*, 500 So.2d 434 (La. App. 1st Cir. 1986), is most similar to the present matter as it concerned an issue of joinder of an irrevocable beneficiary.[5] In conjunction with his purchase of a pick-up truck, the plaintiff in *Milton* purchased credit life and disability insurance policies from the defendant insurer, Pilgrim Life Insurance Co. of America. The lender who financed the plaintiff's purchase of the pick-up truck, GMAC, was named the irrevocable primary beneficiary of the policies. The plaintiff became disabled and Pilgrim paid disability benefits under the policy for a period of time, but then discontinued payments. The plaintiff sued Pilgrim and Pilgrim filed an exception of nonjoinder arguing that GMAC must be joined as a party pursuant to La. C.C.P. art. 641. The trial court denied the exception and entered a judgment awarding the plaintiff the proceeds payable under the credit disability policy. Although the judgment was favorable to GMAC, as an irrevocable beneficiary of the policy, and the interests of the plaintiff and GMAC were aligned with respect to recovering proceeds due under the policy, the First Circuit vacated the judgment and remanded for joinder of GMAC as a party. The court reasoned that as an

---

[5] Though its decision predates the 1995 amendments, the *Milton* court followed *State, Dep't of Highways v. Lamar Advertising Co. of La.*, 279 So.2d 671 (La. 1973), in reaching its decision to vacate the judgment and remand for the joinder of the irrevocable beneficiary. The 1995 Official Revision Comment to La. C.C.P. art. 641 explains that the amendments to this article and other related articles codify the holding in *Lamar*, *supra*, requiring a factual analysis of all interests involved.

irrevocable beneficiary of the policy, GMAC had a direct interest in the outcome of the litigation and could be directly affected by the judgment. *Id*. at 436.

In *Succession of Treadaway*, 782 So.2d 1142, 1144 (La. App. 4 Cir. 3/7/01), the appellate court found that beneficiaries of a trust, the decedent's grandchildren, were parties required for just adjudication under La. C.C.P. art. 641, in litigation seeking to invalidate a will which created the trusts:

> Unquestionably, the beneficiaries in this case claim an interest related to the subject matter of the action, since they have an interest in the will and trust the plaintiffs seek to invalidate. That is, since the plaintiffs seek to invalidate the testament and inherit the decedent's estate by intestacy or pursuant to an earlier testament (the record being silent on this point), their interest is adverse to that of their children as the successor income and principal residual beneficiaries established by the contested testament. Moreover, adjudication of the action in their absence may, as a practical matter, impair or impede their ability to protect their interest in the will and trust. Accordingly, their joinder is needed for a just adjudication of the controversy and is required by La. C.C.P. art. 641.

*See also Vision Aviation, LLC v. Airport Authority for Airport Dist. No. 1 of Calcasieu Parish*, 09-974, 09-975, 09-1107 (La. App. 3 Cir. 3/10/10), 33 So.3d 423 (finding that third party beneficiary of contract must be joined as a party pursuant to La. C.C.P. art. 641 in litigation seeking to terminate the contracts; pursuant to La. C.C. art. 1978, a contract cannot be dissolved without the third party beneficiary's agreement); *Neson v. Prudential Life Ins. Co. of America*, 491 So.2d 427, 429 (La. App. 1st Cir. 1986) (beneficiary of life insurance proceeds assigned proceeds to the insured's mother after the insured's death, but then sought a determination that the assignment was void; the appellate court found that the assignee was a party required for complete adjudication of whether the assignment was valid).

Based on the foregoing, we find that the parties' adult children, Zachary and Joshua Cohen, are parties needed for just adjudication due to their interests as irrevocable beneficiaries in the life insurance policy, as well as their interests in the

judgment rendered by the trial court. Dr. Cohen asked the trial court, and now asks this Court, to terminate his adult children's interests in the life insurance policy. Dr. Cohen also asks this Court to reverse the trial court's alternate ruling that he provide his children with $650,000 in assets if he does not maintain them as irrevocable beneficiaries on a life insurance policy in accordance with the terms of the Partition Judgment. Because the children have an interest to protect in the policy and the requested amendment or reversal of the trial court's judgment would certainly impair or impede their ability to protect that interest, we find that Zachary and Joshua Cohen are parties needed for just adjudication. Unquestionably, a complete and equitable adjudication of the controversy cannot be made unless Zachary and Joshua Cohen are joined as parties pursuant to La. C.C.P. art. 641.

Accordingly, having determined that the parties' children, Zachary and Joshua Cohen, are parties needed for adjudication as contemplated under La. C.C.P. art. 641, we vacate the trial court's February 1, 2021 judgment and remand this matter for further proceedings consistent with this opinion.

**<u>JUDGMENT VACATED AND REMANDED</u>**

| JO ELLEN COHEN | No. **20-CA-352** c/w 21-CA-187 |
| --- | --- |
| VERSUS | FIFTH CIRCUIT |
| MICHAEL BARUCH COHEN | COURT OF APPEAL |
| | STATE OF LOUISIANA |

**WINDHORST, J., DISSENTS WITH REASONS**

I respectfully disagree with the majority. I would not vacate the trial court's judgment or require joinder of the adult Cohen children, which is not required by law. We should therefore address the merits of this appeal.

**Facts and Procedural History**

The parties, Ms. Jo Ellen Cohen and Dr. Michael Cohen, obtained a divorce, and after considerable negotiation, entered the Consent Judgment of Partition of Community Property on January 10, 1994. The consent judgment provided that Dr. Cohen would maintain a life insurance policy naming as irrevocable beneficiaries Ms. Cohen, and sons Zachary, 39, and Joshua, 35, ("the Cohen children") as follows:

> Michael B. Cohen will maintain and will not cancel the $1.3 million dollar death benefit on his insurance policy. Michael B. Cohen will irrevocably name the plaintiff, Jo Ellen Cohen as sole beneficiary to one-half of the death benefit and to irrevocably name the children as the only beneficiaries to the other one-half of the death benefit. Jo Ellen Cohen will remain as beneficiary to one-half of the death benefit, if she remarries, only if she executes a Prenuptial Agreement or a Declaration of Separateness declaring the funds from the insurance policy to be her separate property.

On January 29, 2019, Dr. Cohen filed a motion to terminate his obligation to maintain the life insurance policy, or alternatively, to reduce the amount of the death benefit. After an evidentiary hearing on November 26, 2019, the trial court issued a written judgment dated February 3, 2020 in favor

of Ms. Cohen, denying Dr. Cohen's motion, and ordering Dr. Cohen to maintain a life insurance policy with a $1.3 million dollar death benefit naming Ms. Cohen and their children as irrevocable beneficiaries in accordance with the terms of the consent judgment. The trial court further alternatively ordered that if Dr. Cohen does not maintain the $1.3 million dollar benefit on his insurance policy, he would have to provide assets of an equivalent value to Ms. Cohen and the Cohen children.

In awarding complete maintenance of the life policy and full death benefits to both Ms. Cohen and the Cohen children, the trial court precisely tracked the relevant language of the Consent Judgment of Partition of Community Property, as follows:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Michael Cohen will maintain and will not cancel the $1.3 million dollar death benefit on his insurance policy. Michael B. Cohen will irrevocably name the plaintiff, Jo Ellen Cohen, as sole beneficiary to one-half of the death benefit ($650,000.00), and will irrevocably name the children as the only beneficiaries to the other one-half of the death benefit ($650,000.00), to be paid upon the death of defendant, Michael Cohen, as provided in the original Consent Judgment of Partition of Community Property dated January 10, 1994.

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in the alternative that Defendant Michael Cohen does not maintain the $1.3 million dollar death benefit on his insurance policy, he shall provide assets of equivalent value to the amount of $1.3 million dollars ($1,300,000.00) to plaintiff Jo Ellen Cohen as sole beneficiary to one-half of these assets ($650,000.00) and to the children as the only beneficiaries to the other one-half of these assets ($650,000.00).

Thus, the trial judge awarded Ms. Cohen and the Cohen children everything to which they could have been entitled had they been named parties and prevailed. The trial court judgment also granted Ms. Cohen's motion for contempt and awarded Ms. Cohen attorney fees and court costs as damages.

Dr. Cohen filed a suspensive appeal, and this Court remanded the case to allow the trial court to determine the amount of attorney fees and court costs

to be awarded. On February 1, 2021, the trial court issued an amended judgment that awarded Ms. Cohen $7,446.20 for attorney fees, $195.00 for court costs, and $3.60 for mailing costs. Dr. Cohen filed a second suspensive appeal from the amended judgment, which we consolidated with his first appeal.

The majority concludes that this Court cannot review this case on the merits because the Cohen children should have been joined as parties in order to protect their interest. As a result, the majority opinion vacates the judgment in favor of the children, and remands the case to the trial court to pointlessly repeat the proceeding in which their interest was thoroughly protected. This is a misapplication of La. C.C.P. art. 641.

**Joinder of the Cohen Children is Not Required by La. C.C.P. art. 641**

Joinder of the Cohen children as parties to this dispute is not required because they are not "needed for just adjudication" as defined by La. C.C.P. art. 641. La. C.C.P. art. 641 provides:

> Art. 641. Joinder of parties needed for just adjudication
>
> A person shall be joined as a party in the action when either:
>
> (1) In his absence complete relief cannot be accorded among those already parties.
>
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
> > (a) As a practical matter, impair or impede his ability to protect that interest.
> >
> > (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

There was no assignment of error or any claim that the Cohen children were "needed for just adjudication" and should have been joined as parties. Non-joinder of the Cohen children was raised by the majority *sua sponte*. The

majority concludes that La. C.C.P. art. 641 requires that the Cohen children be joined as parties to re-litigate this case. I strongly disagree.

First, La. C.C.P. art. 641(2) applies only to a person who "claims an interest" related to the subject matter of the case. That the absent party "claims an interest" is the threshold question and prerequisite to consideration of whether La. C.C.P. art. 641 (2)(a) or (2)(b) apply. It is not disputed that the Cohen children have an interest; nonetheless, they have not in any manner *claimed* an interest related to this case since it was filed over two years ago.

Second, when an absent person claims an interest, La. C.C.P. art. 641(2)(a) further requires that "***as a practical matter***," the person's absence impairs or impedes his ability to protect the interest he claims. The term "as a practical matter" means in practice, action, or in reality, as opposed to in theory, ideas, or speculation.[1] By using the term "as a practical matter," the legislature decided that a party must be joined only when ***in reality***—not simply theoretically—the absent persons' interests are not, or were not, actually protected. The 1995 addition of "as a practical matter" affords courts flexibility in the determination of whether an absent person's interest will actually be impaired or impeded in reality, rather than just conceivably.

Here, "as a practical matter," the Cohen children's interests were, in practice and in reality, protected at all times by Ms. Cohen, whose interests were congruent with the children's interests. The resulting judgment awarded the Cohen children everything to which they could have possibly been entitled. Furthermore, it was, albeit vigorously contested, a complete adjudication for all parties, satisfying La. C.C.P. art. 641(1).

---

[1] Merriam-Webster.com; Google.com (Oxford Languages); Collinsdictionary.com; Yourdictionary.com; Dictionary.Cambridge.org, *et al* (definitions of "practical")

The phrase "as a practical matter" was not inserted into this statute accidentally. It was meant to have purpose. It was intended for circumstances as this, so that La. C.C.P. art. 641(2)(a) would not be interpreted so rigidly as to lead to absurd consequences. It gives courts the flexibility to determine whether, in reality, an absent person's interest is or will be impaired unless joined in the case. The majority's misapplication of La. C.C.P. art. 641(2)(a) is that in order to "protect" the interests of the Cohen children, the judgment in their favor must be vacated and the case remanded to the trial court so that the children can be served and made parties to this contentious case between their parents. With the judgment vacated, this case must be re-litigated, probably reaching the same conclusion, but with the children joined as parties. The Cohen children will either be forced to take a side, which they have thus far avoided, or they may remain neutral by stating no claim and taking no part in the case, leaving Dr. and Ms. Cohen to re-litigate on the same evidence without them. All of this emphasizes the pointlessness of the majority's decision. Thus, the majority's misinterpretation and rigid misapplication of La. C.C.P. art. 641 will needlessly result in absurd consequences.

**Joinder Is Not Feasible under La. C.C.P. art. 642**

When the legislature amended La. C.C.P. art. 641 by Act 662, §1 of 1995 as provided above, it further provided and made clear that there are circumstances under which the trial court should proceed with the case when "a person described in Article 641 cannot be made a party." It did so in this same legislative act by amending La. C.C.P. art. 642 to provide that the trial court should determine whether to proceed with only the parties already before it, and providing an illustrative list of factors that the trial court should consider in deciding whether to proceed.

La. C.C.P. art. 642 provides:

Art. 642.  Determination by court whenever joinder not feasible

If a person described in Article 641 cannot be made a party, the court shall determine whether the action should proceed among the parties before it, or should be dismissed.  The factors to be considered by the court include:

(1) To what extent a judgment rendered in the person's absence might be prejudicial to him or those already present.

(2) The extent to which the prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures.

(3) Whether a judgment rendered in the person's absence will be adequate.

(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Although this issue was not specifically raised in the trial court, all four of the illustrative factors enumerated in La. C.C.P. art. 642 clearly weigh in favor of the trial judge in this case having proceeded without joinder.  Regarding factors (1) and (2), the Cohen children were not prejudiced, and there was no prejudice to be lessened or corrective measures needed.  Regarding factors (3) and (4), the judgment rendered was more than simply "adequate."  The Cohen children's interests were protected and the judgment was completely favorable to them in their absence.  As a practical matter, if the judgment is vacated, they stand less likely to benefit from any policy.

**Joinder must be "Absolutely Necessary"**

It is well settled in Louisiana that a person should be deemed needed for just adjudication *only when absolutely necessary* to protect substantial rights.  Industrial Companies v. Durbin, 2002-0665 (La. 1/28/03), 837 So.2d 1207, 1217; Pecoraro v. The Napoleon Room, Inc., 95-00511, p. 6 (La. App. 5 Cir. 12/13/95), 666 So.2d 1151, 1154, citing State Dept. of Highways v. Lamar Advertising Co. of Louisiana, 279 So.2d 671 (La. 1973); Branch v. Young, 13-686 (La. App. 5 Cir. 2/26/14), 136 So.3d 343, 350; Two Canal

Street Investors, Inc. v. New Orleans Building Corporation, 2016-0825 (La. App. 4 Cir. 9/23/16), 202 So.3d 1003, 1012. "A party shall be deemed necessary for just adjudication *when that party's presence is absolutely necessary* to protect its substantial rights." [Emphasis added.] Avoyelles Parish School Board v. Bordelon, 2011-126 (La. App. 3 Cir. 10/5/11), 77 So.3d 985, citing Shamieh v. Liquid Transp. Corp., 07–1282, (La. App. 3 Cir. 1/30/08), 975 So.2d 161, 164. A party is indispensable *only when the facts clearly establish* that no complete and equitable adjudication of the controversy can be made in his absence. Goodwin v. Louisiana Department of Health, 2018-1405 (La. App. 1 Cir. 5/31/19), 277 So.3d 816, citing Carter v. Baton Rouge City-Parish Employees' Retirement System, 612 So.2d 765, 767 (La. App. 1st Cir. 1992).

In the instant case, it is clearly *not* "absolutely necessary" that the Cohen children be joined as parties in order to protect substantial rights. To the contrary, if the judgment is vacated, the Cohen children will be in a worse position. Nor do the facts of this case *clearly establish* that no complete and equitable adjudication can be made in their absence. The facts and the record establish the opposite**:** a complete and equitable adjudication *was* achieved in their absence.

## Addressing and Distinguishing Cases Cited by the Majority

The cases on which the majority opinion relies involved absent parties who were obviously indispensable parties because they were, or were about to be, actually prejudiced or at risk of losing their interest as the cases from which they were excluded were litigated in their absence. Further, the cited cases involved a party or parties who were legally adverse to the absent indispensable parties, leaving the interests of the absent parties unprotected.

Thus, the cases cited by the majority are so factually distinguishable and dissimilar that they are irrelevant to the present case.

None of the facts of the cases on which the majority relies would pass the tests of La. C.C.P. arts. 641 and 642 without joinder. But when the provisions of these articles are applied to the completely different facts of this case, the result is that joinder of the Cohen children was never necessary under Article 641; and further, under Article 642, the trial judge was well within her sound discretion to have proceeded without joinder of the Cohen children.

The majority opinion relies heavily on Milton v. Pilgrim Life Insurance Co. of America, 500 So.2d 434 (La. App. 1 Cir. 1986), which it describes as "most similar" to the present case. In Milton, the plaintiff, Mr. Milton, obtained a loan from GMAC by naming GMAC as his primary irrevocable beneficiary in Milton's credit life and credit disability insurance policies. When Milton became disabled, the insurer, Pilgrim Life, paid benefits for a while, including payments to GMAC, and then discontinued payments, claiming that Milton was no longer disabled. Milton sued Pilgrim Life seeking the balance due on the credit disability policy, penalties, and damages for harm to his credit record, which the trial court ultimately awarded to Milton on the merits. (GMAC, to whom the benefits were due, was not made a party and later received nothing in the trial court judgment.)

Pilgrim Life filed an exception of non-joinder of an indispensable party, primary beneficiary and creditor GMAC, which was overruled by the trial court. In GMAC's absence, the trial court later awarded judgment to Milton for the balance due on the credit disability policy, instead of to GMAC, to whom the benefits for loan payments were owed directly and primarily under the credit policy. Unlike the present case, GMAC had an interest that was not protected in any manner by Milton, who was legally adverse to GMAC. The result was a

judgment in favor of Milton, awarding him the benefits actually due GMAC under the policy. This left GMAC having to pursue the loan repayment from Milton. GMAC's interest was clearly prejudiced, and the exclusion of GMAC as a party in Milton therefore required reversal. Obviously, the facts of Milton are dramatically different from this case.

The majority mischaracterizes the outcome in Milton by incorrectly claiming that "the judgment was favorable to GMAC," although it clearly was not. The judgment in Milton was in favor of Milton, the debtor, awarding him benefits which were due to GMAC as creditor. Milton had successfully opposed joinder of GMAC. Had GMAC been a party, it could have enforced its interest in benefits for repayment of the loan. Thus, the interests of Milton and GMAC were not "aligned," as the majority claims—*they were adverse*. The First Circuit Court of Appeal made clear that creditor GMAC had a direct interest in the case adverse to debtor Milton, and GMAC was therefore found to be an indispensable party on appeal.

Unlike GMAC in Milton, the Cohen children are not adverse to Ms. Cohen, and are not her creditor. She has fully protected their interest. Ms. Cohen's interest and that of the Cohen children are not merely "aligned," as the majority claims. Their interests are precisely the same.

The majority also relies heavily on Succession of Treadaway, 01-C-80 (La. App. 4 Cir. 3/7/01), 782 So.2d 1142, a writ disposition which like the others cited, is completely different from the facts in this case. In Treadaway, the decedent left the bulk of his estate to his grandchildren as beneficiaries of a testamentary trust. His children (the grandchildren's parents) filed a petition to invalidate the probated will on the ground of incompetency, but they failed to name the grandchildren (their children), despite being completely adverse to them. The executor filed an exception of failure to join necessary parties,

arguing that the grandchildren had a claim as beneficiaries of the trusts and should be named defendants pursuant to La. C.C.P. arts. 641, 642, 645 and 2931, which the trial court errantly denied.

Clearly, the facts in Treadaway are completely different from this case, in which the Cohen children's interests were completely protected by their mother, whose interest was identical to theirs, and who first bargained for and later enforced their benefits under Dr. Cohen's policy. In contrast, the Treadaway parents were *adverse* to their children (the grandchildren).

The Treadaway court stated**:**

> Unquestionably, the beneficiaries in this case claim an interest related to the subject matter of the action, since they have an interest in the will and trust the **plaintiffs seek to invalidate.** That is, since the plaintiffs seek to invalidate the testament and inherit the decedent's estate by intestacy or pursuant to an earlier testament (the record being silent on this point), **their interest is adverse to that of their children** as the successor income and principal residual beneficiaries established by the contested testament. Moreover, adjudication of the action in their absence may, as a practical matter, impair or impede their ability to protect their interest in the will and trust. Accordingly, their joinder is needed for a just adjudication of the controversy and is required by La. C.C.P. art. 641. [Emphasis added.]

Thus, the Treadaway case involved a suit to invalidate the claim of absent parties, and the Louisiana Fourth Circuit found that **their** [the plaintiff parents'] **interest to be adverse to that of their non-joined children.** No party in that case had the same interest as their children (the grandchildren), which is in clear contrast to Ms. Cohen, whose interest is the same as that of the Cohen children. Moreover, the remedies afforded by La. C.C.P. art. 642 to cases in which judgment has already been rendered did not apply in Treadaway, but clearly do apply in this case.

Treadaway is further distinct in that La. C.C.P. art. 2931 provides that a probated testament may be annulled only by a ***direct action*** brought against the legatees, residuary heirs, and the executor.

> Art. 2931.   Annulment of probated testament by direct action; defendants; summary proceeding
>
> A probated testament may be annulled ***only by a direct action*** brought in the succession proceeding against the legatees, the residuary heir, if any, and the executor, if he has not been discharged.  The action shall be tried as a summary proceeding.  [Emphasis added.]

Therefore, in attempting to annul the probated testament, the parents in Treadaway were further required by La. C.C.P. art. 2931 to name their children (the grandchildren) as legatees in a direct action against them.

Likewise, the majority's reliance on Nesom v. Prudential Life Ins. Co. of America, 85-0562 (La. App. 1st Cir. 1986) 491 So.2d 427[2] is misplaced.  In Nesom, the plaintiff sued to void an assignment of her rights in a life insurance policy to the mother of the decedent and to recover the insurance proceeds paid to mother, without naming the assignee/mother.  On appeal, the First Circuit held that the assignee/mother of the deceased was an indispensable party, and in her absence, a complete adjudication of the validity of the assignment could not be had.  In the instant case, however, there was a complete adjudication of the case without any prejudice or unfairness to the Cohen children, and without, as a practical matter, impairing or impeding their rights.  Therefore, both Milton, Treadaway, and Nesom are inapposite to the judgment in favor of the Cohen children/beneficiaries in this case.

**The Judgment Appealed Is Not Declaratory**

The majority attempts to characterize this case as a declaratory action in which declaratory relief was sought.  It is not.  "A 'declaratory judgment'

---

[2]  Nesom predated the 1995 amendments to La. C.C.P. art. 641 and was decided under prior law.

is one which simply establishes the rights of the parties or expresses the opinion of the court on a question of law, ***without ordering anything to be done***, and its distinctive characteristic is that the declaration stands by itself with no executory process following as a matter of course, so that it is distinguished from a direct action in that ***it does not seek execution or performance from the defendant or the opposing litigants***." [Emphasis added] Lemoine v. Baton Rouge Physical Therapy, L.L.P., 13-0404 (La. App. 1 Cir. 12/27/13), 135 So.3d 771; Ark–La–Tex Safety Showers, LLC, v. Tony Jorio, 48,478 (La. App. 2 Cir. 12/18/13), 132 So.3d 986. The trial court's judgment certainly does order performance by the procurance and maintenance of the insurance policy and assignment of beneficiaries.

Moreover, the relief sought by Dr. Cohen is the amendment or modification of a direct final judgment of partition by relieving or reducing Dr. Cohen's obligation to maintain the insurance policy. The judgment of partition he seeks to amend is not declaratory; it is a judgment that resolved an actual dispute between two parties and which ***requires performance*** between them. It is therefore not declaratory, nor this action to amend it become declaratory. La. C.C.P. art. 1880 therefore does not apply here.

**An Unnecessary Bad Effect**

The effect of the majority opinion is a bad one. From the record, it appears that the Cohen children are now 40 and 35 years old. They are surely aware of the legal battle in which their parents are involved. They have chosen not to intervene in this case, or to choose between their parents in the legal dispute. They may file amicus briefs if they choose. Unlike the cases cited by the majority, neither the Cohen children nor any other party claim that they were necessary or indispensable. Yet the majority is forcing them to do so with no legal cause, while vacating the judgment in their favor and

causing the Cohen children and Dr. and Ms. Cohen all the great expense, stress, and time re-litigating this entire case.

## Conclusion

As stated at length above, there was a full adjudication in the trial court and the Cohen children's rights were vigorously protected by Ms. Cohen, whose interest was identical to theirs, and she has continued to do so on appeal. Additionally, the Cohen children, or either of them, could have and may file amicus briefs on their own volition. La. C.C.P. art. 642 (2) & (3) clearly contemplate such a tempered, practical result, rather than the majority's rigid, impractical application of La. C.C.P. art. 641, despite the built-in flexibility afforded by the term "as a practical matter," which limits *required* joinder to cases where the rights of the absent party are impaired in reality, not merely in concept.

Accordingly, I would find that La. C.C.P. art. 641 does not require that the Cohen children be made parties or that the judgment be vacated, and I would consider the merits of the appeal.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 13, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-CA-352
### C/W 21-CA-187

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
BENNETT WOLFF (APPELLEE)        LILA M. SAMUEL (APPELLEE)        YVETTE A. D'AUNOY (APPELLEE)
ALEXANDRA E. FAIA (APPELLANT)

**MAILED**
JONATHAN M. RHODES (APPELLEE)        EVIAN MUGRABI (APPELLEE)        STEVEN J. LANE (APPELLANT)
ATTORNEY AT LAW                      ATTORNEY AT LAW                 ATTORNEY AT LAW
300 HUEY P. LONG BOULEVARD           633 MANDEVILLE STREET          820 O'KEEFE AVENUE
SUITE I                              APARTMENT B                    NEW ORLEANS, LA 70113
GRETNA, LA 70053                     NEW ORLEANS, LA 70117

MARIANNE GARVEY (APPELLEE)
ATTORNEY AT LAW
909 POYDRAS STREET
SUITE 1400
NEW ORLEANS, LA 70112